GUS RAMADANIS, AND MARATHON, INC., APPELLANTS, *v.* BOB STUPAK AND BOB STUPAK, INC., DBA BOB STUPAK'S VEGAS WORLD HOTEL AND CASINO, RESPONDENTS.

No. 18028

March 31, 1988                              752 P.2d 767

*Peter L. Flangas,* Las Vegas, for Appellants.

*E. Leslie Combs, Jr.,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This case arises from the district court's ruling on post-judgment motions made pursuant to NRCP 68, NRS 17.130(2) and NRS 18.010.

On July 2, 1982, Marathon, Inc. (Marathon) and Gus Ramadanis (Ramadanis) filed a complaint against respondents Bob Stupak and Bob Stupak, Inc., dba Bob Stupak's Vegas World Hotel and Casino (Stupak), and Chris Karamanos (Karamanos). In the first cause of action, Marathon alleged wrongful eviction from leased restaurant space at Vegas World. Marathon sought money damages for the value of restaurant supplies taken or destroyed as a result of the wrongful eviction, for prepaid rent, and for payment due for meals served to employees and guests of Las Vegas World. In the second cause of action, Ramadanis sought damages for false arrest.

On February 3, 1986, Stupak made an offer of judgment in the amount of $15,000 pursuant to NRCP 68. The offer was not accepted. On February 26, 1986, Karamanos paid $10,000 in settlement of the claims against him, and an order of dismissal with prejudice was entered that date.

Following the trial of the case against the remaining defendants, Stupak and Vegas World, the jury was informed of the Karamanos settlement[1] and was instructed to assess full damages, if they found for the plaintiffs, from which the court would deduct the amount of the settlement. By separate verdicts, the jury awarded Marathon damages of $9,528.75 and Ramadanis damages of $8,000, for a combined judgment of $17,528.75.

By separate motions, Ramadanis and Marathon then moved for prejudgment interest pursuant to NRS 17.130(2) and attorney's fees pursuant to NRS 18.010. Stupak opposed appellants' motions and made a counter-motion for attorney's fees and costs pursuant to NRCP 68. The district court denied all motions. From this order and judgment, Ramadanis and Marathon appeal. Stupak has not filed a cross-appeal.

---

[1]The jury was not informed of the amount paid in settlement.

The district court denied appellants' motions for prejudgment interest and attorney's fees based upon its finding that the judgment obtained by appellants was less favorable than the *valid* offer of judgment made by Stupak for $15,000. Appellants, Ramadanis and Marathon, allege, as their first point of error, that the offer of judgment submitted under NRCP 68 was invalid because it was a joint offer made to both plaintiffs and not apportioned between the plaintiffs. We agree.

In Randles v. Lowry, 84 Cal.Rptr. 321 (Cal.Ct.App. 1970), the court considered the validity of a joint offer of judgment made to all plaintiffs injured in an automobile accident.[2] The court held that where an offer is made jointly to all plaintiffs and does not apportion the offer among the plaintiffs, it is "impossible to say that any one plaintiff received a less favorable result than he would have under the offer of compromise." 84 Cal.Rptr. at 325. *Accord* Brinkerhoff v. Swearingen Aviation Corp., 663 P.2d 937 (Alaska 1983); *see also* Hutchins v. Waters, 123 Cal.Rptr. 819, 822 (Cal.Ct.App. 1975) (an offer apportioned among the plaintiffs which was conditional upon acceptance of the offer by each plaintiff did not support the granting of defendant's costs.)[3]

Stupak's offer of judgment entailed $15,000 and accrued costs in consideration of a full discharge "from all claims as alleged in the Complaint on file herein against said Defendants." There was no attempt made in the offer to apportion the amount offered between Ramadanis and his corporation, Marathon, Inc., as separate plaintiffs. We hold that the offer of judgment was invalid as an unapportioned joint offer. Therefore, the judgment of the district court, such as it is based upon a finding of a valid offer of judgment, is reversed.

Based upon its conclusion that the offer of judgment made pursuant to NRCP 68 was valid, the trial court concluded that according to NRS 17.115(4)(a) appellants could not recover prejudgment interest. Since we have held the joint offer invalid, this reasoning fails. However, we note additionally that Stupak's offer of judgment was made specifically pursuant to NRCP 68, which does not provide for the denial of prejudgment interest when the final judgment is less favorable than the offer of judgment. Because Stupak's offer was not made pursuant to NRS

---

[2]The offer of judgment was made pursuant to Cal. Civ. Code § 997 which was substantially similar to NRCP 68. Cal. Civ. Code § 997 has been repealed and replaced by Cal. Civ. Code § 998 which is likewise similar in substance to NRCP 68.

[3]The offer of judgment was made pursuant to Cal. Civ. Code § 998. See footnote 2, *supra*.

17.115 but rather NRCP 68, his remedy is confined to the scope of NRCP 68. *See* Trustees, Carpenters v. Better Building Co., 101 Nev. 742, 710 P.2d 1379 (1985).

Alternatively, Stupak argues that Ramadanis should be denied prejudgment interest on his jury award of $8,000 for general damages because Ramadanis failed to separate or apportion the award between past and future damages. Where an award fails to distinguish past damages from future damages and such past damages are combined with future damages, there can be no award of prejudgment interest. Jacobson v. Manfredi, 100 Nev. 226, 233, 679 P.2d 251, 256 (1984); Stickler v. Quilici, 98 Nev. 595, 655 P.2d 527 (1982). In both *Jacobson* and *Stickler,* the judgments did not specifically apportion the damages to the past or future; however, it is unquestionable that the judgments included an award for future damages. Both cases involved extensive physical injuries.

Ramadanis alleged damages of physical restraint, public humiliation, embarrassment, mental anguish, and frustration which resulted from his false arrest. The jury was instructed in accordance with damages alleged. Jury instruction number 23 directed the jury's attention only to damages *suffered,* and it made no reference to future damages. There was no commingling of past and future damages apparent in the jury's verdict; therefore, the award of prejudgment interest on the damages for which Stupak is liable is proper.

Accordingly, we reverse and remand this matter for further proceedings in conformance with this opinion.[4]

---

[4]The Honorable John C. Mowbray, Justice, has voluntarily disqualified himself from consideration of this case. Nev. Const., art. 6, § 4.