DWAYNE MORGAN AND ESTHER MORGAN, APPELLANTS, v. MELANIE DEMILLE, RESPONDENT.

No. 20904

October 25, 1990 799 P.2d 561

*Christensen & Pike,* Las Vegas, for Appellants.

*Pearson and Patton* and *Ronald M. Pehr,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellants Dwayne Morgan (Dwayne) and Esther Morgan (Esther) filed an action against respondent Melanie Demille (Melanie), alleging that Melanie negligently drove through a red light and struck Dwayne's vehicle. Dwayne sought damages for personal injuries sustained as a result of the accident. Further, although Esther was not physically injured, appellants alleged that Esther was entitled to damages for loss of consortium. Dwayne and Esther made an offer of judgment for $27,000.00 to Melanie pursuant to NRCP 68. The amount of the offer was not apportioned between Dwayne and Esther. Melanie countered with an offer of judgment of $8,001.00 for Dwayne and $1,000.00 for Esther. None of the offers were accepted. Prior to trial, both Dwayne and Esther submitted a request to Melanie seeking Melanie's admission that her negligence was the sole cause of the collision and that she was liable for any damages that

resulted from the collision. Melanie rejected this request for admission. Following a bench trial, the district court awarded Dwayne and Esther $30,540.20 in damages.

Following the judgment, Dwayne and Esther moved for costs and attorney's fees pursuant to NRCP 68 and pursuant to NRCP 37(c). The district court denied the motion. This appeal followed.

Appellants argue that the question after the judgment is not whether the multiple plaintiffs or the individual plaintiffs were able to exceed the offer, but whether defendant was able to obtain a more favorable judgment. As appellants note, they made an offer of judgment of $27,000.00 to respondent, and respondent ultimately paid more to appellants than that offer of judgment. Therefore, appellants maintain that the district court erred.

The main Nevada case addressing a situation such as the one at hand is Ramadanis v. Stupak, 104 Nev. 57, 752 P.2d 767 (1988). As appellants observe, *Ramadanis* holds that a *defendant* making an offer of judgment must bifurcate that offer of judgment between the plaintiffs. Appellants argue, therefore, that this case is distinguishable from *Ramadanis* because the offer of judgment came *from multiple plaintiffs* to a defendant. Appellants note that the reasoning behind *Ramadanis* is that a joint offer from a defendant makes it impossible to say that any plaintiff received a less favorable result than he would have under the offer of compromise.

*Ramadanis* involved a defendant who made an offer of judgment of $15,000.00 pursuant to NRCP 68 to both plaintiffs. The amount of the offer was not apportioned between the plaintiffs. The offer was rejected. Following the trial, a jury awarded plaintiffs $17,528.75. *Id.* at 58, 752 P.2d at 768. Plaintiffs, by separate motions, moved for prejudgment interest pursuant to NRS 17.130(2) and attorney's fees pursuant to NRS 18.010. Defendant opposed plaintiffs' motions and made a counter motion for attorney's fees and costs pursuant to NRCP 68. The district court denied all motions.

In *Ramadanis,* this court held that the offer of judgment was invalid as an unapportioned joint offer.[1] This court reasoned that "where an offer is made jointly to all plaintiffs and does not

---

[1]We relied on Randles v. Lowry, 84 Cal.Rptr. 321 (Cal.App. 2 Dist. 1970). In *Randles,* a mother, father, and child sought damages against defendant arising out of an automobile accident. Prior to trial, defendant made an offer of judgment by permitting plaintiffs (mother, father and child) to take judgment against him for the sum of $2,300, each party to bear costs. In *Randles,* the offer, however, did not designate the amount offered to each plaintiff. The offer was not accepted. *Id.* at 321. The case then went to trial,

██

apportion the offer among plaintiffs, it is impossible to say that any plaintiff received a more favorable result than he would have under the compromise." *Id.* at 59.

Although *Ramadanis* addressed the issue of an unapportioned joint offer of judgment made by a defendant to multiple plaintiffs, the validity of an unapportioned joint offer made by multiple plaintiffs to one defendant has not been addressed by this court.

The California Court of Appeal, however, addressed this issue in Hurlbut v. Sonora Community Hospital, 254 Cal.Rptr. 840 (Cal.App. 5 Dist. 1989). The court reasoned that:

> To consider plaintiffs' joint settlement offer as valid would deprive defendant of the opportunity to evaluate the likelihood of each party receiving a more favorable verdict at trial. Such an offer makes it impossible to make such a determination after verdict. We hold that the joint settlement offer presented by plaintiffs was not a valid settlement offer under Code of Civil Procedure section 998 and the order after judgment directing defendant to pay to plaintiffs certain expert witness fees must be reversed.

*Id.* at 852-53.

The reasoning in *Hurlbut* is persuasive. NRCP 68 is similar in substance to Cal. Civ. Code section 998. The language in NRCP 68, like Cal. Civ. Code section 998, speaks in the singular: "[A]ny person may serve upon the adverse party an offer to allow judgment to be entered for the money or property or to the effect specified in the offer . . . ." Therefore, we conclude that the rule enunciated in *Ramadanis,* regarding defendant's offer of judgment to more than one plaintiff, should apply where more than one plaintiff makes an offer of judgment to one defendant.

Moreover, we note that the purpose of NRCP 68 is to encourage the settlement of lawsuits before trial. T. M. Cobb Co. v. Superior Court, 682 P.2d 338 (Cal. 1984). In order to best effectuate the purpose of the offer of judgment rule, it is important to treat plaintiffs and defendants on an equal basis when an

---

and the jury awarded the mother $1,840.49 and the child $40.50, but ruled against the father and in favor of defendant. *Id.* at 322.

The trial court applied California Code of Civil Procedure section 997, and concluded that defendant was entitled costs incurred after the offer of judgment was made. *Id.* at 325. On appeal, the court of appeal reversed the trial court's decision regarding defendant's award of costs. The court further stated that section 997 could not apply "because the offer of compromise was a nullity. The offer was made jointly to all plaintiffs, without designating how it should be divided between them. It is therefore impossible to say that any one plaintiff received a less favorable result than he would have under the offer of compromise." *Id.* at 325.

offer of judgment is made without designating how it should be divided between the respective defendants or plaintiffs. Applying the rule announced in *Ramadanis* to plaintiffs as well as defendants encourages the settlement of lawsuits before trial.

Appellants next contend that because respondent denied appellants' request to admit liability in this case, the trial court erred in failing to award them attorney's fees pursuant to NRCP 37(c).[2] As noted, respondent rejected appellants' request for an admission of negligence and liability.

Appellants fail to cite any authority to support their claim for attorney's fees under NRCP 37(c). Therefore, this court need not consider appellants' contention. Bennett v. Fidelity & Deposit Co., 98 Nev. 449, 652 P.2d 1178 (1982). Nonetheless, we have considered appellants' contention and conclude that it is without merit.

Although this court has not previously interpreted NRCP 37(c), in Reid Sand & Gravel v. Bellevue Properties, 502 P.2d 480 (Wash.Ct.App. 1972), the Washington Court of Appeals addressed a substantially similar situation arising under Washington's counterpart to NRCP 37(c). The court stated:

> As pointed out earlier, the procedure for obtaining admissions of fact is to be used to obtain admission of facts as to which there is no real dispute and which the adverse party can admit cleanly, without qualifications. Typical of such facts are delivery, ownership of an automobile, master and servant relationship, and other facts of that nature which are not in dispute and of which an admission will greatly facilitate the proof at trial. It is not intended to be used to cover the entire case and every item of evidence.

*Id.* at 483 (quoting 2 Moore's Federal Practice 2658, § 36.03 and Weyerhaeuser Sales Co. v. Holden, 203 P.2d 685 (Wash. 1949)).

In the instant case, appellants requested respondent to admit

---

[2]NRCP 37(c) provides:

If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, [she] he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that there was good reason for the failure to admit.

that her negligence was the sole cause of the collision and that respondent was liable for any damages proximately caused to appellants as a result of the collision. This request is too broad and involves both factual issues as well as legal issues. The purpose of procedural statutes such as NRCP 36 is to obtain admission of facts which are in no real dispute and which the adverse party can admit cleanly, without qualifications. *See Reid Sand & Gravel,* 502 P.2d at 483. Here, appellants' request for admission called for either crucial facts central to the lawsuit or legal concessions. Therefore, respondent's response to this request for admission was proper and appellants' request for attorney's fees is without merit.

Accordingly, the decision of the trial court is affirmed.