812 P.2d 985

**STATE of Arizona, ex rel., Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable Stephen Ventre, a judge thereof, Respondent Judge.**

**Richard Eugene STEWART, Real Party in Interest.**

**No. CV–90–0271–PR.**

Supreme Court of Arizona, En Banc.

May 21, 1991.

Reconsideration Denied July 16, 1991.

**10.** *See supra* note 5.

Richard M. Romley, Maricopa County Atty., Phoenix, H. Allen Gerhardt, Jr., Deputy Pinal County Public Defender, [Former Deputy Maricopa County Attorney], Florence for petitioner.

Dean W. Trebesch, Maricopa County Public Defender, Stephen M.R. Rempe, Deputy Maricopa County Public Defender, Phoenix, for real party in interest.

## OPINION

GORDON, Chief Justice.

The State petitioned for review of the court of appeals' decision declining special action jurisdiction. The petition for review raised the issue of whether a criminal defendant may waive a preliminary hearing over the objection of the State, even though Ariz.R.Crim.P. 5.1(b), 17 A.R.S., requires the prosecutor's signature on the waiver form. We remanded the matter to the trial court for a preliminary hearing and granted review with an opinion to follow. This is that opinion. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. 12–120.24.

## FACTUAL AND PROCEDURAL BACKGROUND

Richard Eugene Stewart (defendant) was charged with first degree murder by direct complaint in Maricopa County Superior Court. Defendant advised the court that he intended to waive his preliminary hearing. Defense counsel did not want to go forward with the preliminary hearing because by doing so he felt he would lose his chance to interview the witnesses at a later date. He also stated he wanted to waive the hearing in order to prevent a witness identification of his client under what would be unduly suggestive circumstances.

The State objected and the prosecutor refused to sign the waiver form. The prosecutor claimed his purpose in insisting that the hearing go forward was to preserve witnesses' testimony and to provide for their safety. He also indicated he would allow defense counsel to interview the witnesses again at a later date. He responded to the identification issue by claiming that the only witness who would identify defendant was someone who had known him for twenty years.

The trial court accepted the waiver form without the prosecutor's signature. Citing *State v. Clark*, 126 Ariz. 428, 616 P.2d 888 (1980), *cert. denied* 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), it stated that the purpose of preliminary hearings is not discovery. It concluded that the State's reasons for wishing to hold the preliminary hearing were discovery-related and, therefore, not legitimate.

The State filed a petition for special action in the court of appeals. It then sought and received a ruling from the trial court suspending Ariz.R.Crim.P. 8, 17 A.R.S., (speedy trial) due to extraordinary circumstances. This court approved that finding and the trial court stayed the trial. The court of appeals declined special action jurisdiction.

## DISCUSSION

The issue before us requires the construction of a court rule. Rule 5.1(b) states that "[a] preliminary hearing may be waived by written waiver, signed by the defendant, his counsel and the prosecutor." Ariz.R.Crim.P. 5.1(b), 17 A.R.S.

> The Arizona Rules of Criminal Procedure are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare.

Ariz.R.Crim.P. 1.2, 17 A.R.S.; *see also State v. Reidhead*, 152 Ariz. 231, 233, 731 P.2d 126, 128 (App.1986), *overruled on other grounds by State v. Georgeoff*, 163 Ariz. 434, 437, 788 P.2d 1185, 1188 (1990). Aside from following this general policy statement, we also subject court rules to the principles of statutory construction. *See*

Cabrera v. Plager, 195 Cal.App.3d 606, 611, 241 Cal.Rptr. 731, 734 (1987). When construing a rule, we may look at a variety of elements, including the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose. *See Martin v. Martin,* 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988). However, when the rule's language is not subject to different interpretations, we need look no further than that language to determine the drafters' intent. *Arizona Newspapers Ass'n v. Superior Court,* 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985); *but see Ritchie v. Grand Canyon Scenic Rides,* 165 Ariz. 460, 799 P.2d 801 (1990). We will give the rule's language its usual, ordinary meaning unless doing so creates an absurd result. *See State Compensation Fund v. Nelson,* 153 Ariz. 450, 453, 737 P.2d 1088, 1091 (1987).

Rule 5.1(b)'s language clearly means that in order for a defendant to waive the preliminary hearing, the prosecutor's signature must be on the waiver form. Therefore, we hold that a criminal defendant may not waive a preliminary hearing over the State's objection. To be effective, the waiver must be signed by the defendant, his counsel, *and* the prosecutor.

## DISPOSITION

Because the language in Ariz.R.Crim.P. 5.1(b), 17 A.R.S. is clear and unambiguous, we hold that a criminal defendant may not waive a preliminary hearing over the State's objection. Thus, we reverse the trial court's acceptance of the preliminary hearing waiver over the State's objection and remand this case for proceedings consistent with this opinion.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.