60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Horst SCHMIDT, Plaintiff-Appellant,
v.
STATE OF NEVADA, Defendant-Appellee.
 No. 95-15022.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Horst Schmidt appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action in which he alleged that (1) Nevada's adversarial system of civil litigation violates the equal protection clause of the Fourteenth Amendment because it favors those who can afford legal representation and (2) Nevada's system of allowing offers of judgment, which, under certain circumstances, provides for costs and attorney's fee shifting also violates the equal protection clause. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, Sec. 1. We have held that this requires that "all persons similarly situated shall be treated alike." Jackson Water Works v. Public Utils. Comm'n, 793 F.2d 1090, 1092 (9th Cir.1986), cert. denied, 479 U.S. 1102 (1987).
 
 
 4
 When state action is challenged on equal protection grounds, we will generally apply one of two standards. Id. at 1093. If the state's classification is based "on 'suspect' grounds such as race, ancestry, alienage, or categorizations impinging upon fundamental rights such as privacy, marriage, voting, travel, and freedom of association," we will apply a "strict scrutiny" test. Id. Absent a suspect classification or a fundamental right, we will apply a "rationale basis" test. Id.
 
 
 5
 A. Equal Protection Challenge to Nevada's Civil Litigation System
 
 
 6
 On appeal, Schmidt alleges that Nevada's civil litigation system impermissibly favors those with the wealth and the inclination to hire legal representation.
 
 
 7
 Poverty without more is not a suspect classification. See Harris v. McRae, 448 U.S. 297, 322-23 (1980); Maher v. Roe, 432 U.S. 464, 470-71 (1977) (the "Court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis"); United States v. Barajas-Guillen, 632 F.2d 749, 753 (9th Cir.1980) (citing San Antonio Sch. Dist. v. Rodriguez, 411 U.S. 1, 20 (1973)); see also Hassan v. Wright, 45 F.2d 1063, 1068 (7th Cir.1995) ("[i]ndigents do not compose a suspect class"). Moreover, while the Supreme Court has been vigilant in recognizing and protecting the constitutional rights of indigent criminal defendants, it also has recognized that "we live in a society where the distribution of legal assistance, like the distribution of all goods and services, is generally regulated by the dynamics of private enterprise." Fuller v. Oregon, 417 U.S.40, 53 (1974); see also Ross v. Moffitt, 417 U.S. 606, 612 (1974) (state not required to provide counsel to indigent criminal defendants in discretionary appeal; "[t]he Fourteenth Amendment does not require absolute equality or precisely equal advantages, nor does it require the State to equalize economic conditions" (quotations and citations omitted)). Accordingly, Schmidt's allegation based on a wealth classification does not trigger strict scrutiny analysis.
 
 
 8
 In addition, Schmidt does not allege that he has been denied access to the courts based on his impecunity nor does he, despite his protestations to the contrary, allege any other cognizable fundamental right which would trigger strict scrutiny. Cf. Bounds v. Smith, 430 U.S. 817, 828 (1977) (recognizing a prisoner's fundamental right to access to the courts, but holding that providing pro se inmates with access to a law library, rather than to legal representation, was sufficient to meet constitutional right to access to the courts).
 
 
 9
 Thus, we apply the rational basis test to Schmidt's equal protection challenge. See Jackson, 793 F.2d at 1093-94. Under the rational basis test, the state action is presumed valid and will be upheld unless it is so unrelated to any legitimate purpose that it is irrational. See id. at 1092-94; Burnett v. Municipality of Anchorage, 806 F.2d 1447, 1450 (9th Cir.1986).
 
 
 10
 Here, Nevada's adversarial civil litigation system has a legitimate purpose; it provides an orderly forum for dispute resolution. Moreover, Nevada's use of this system is rationally related to this legitimate purpose. Thus, Schmidt's equal protection challenge to Nevada's adversarial civil litigation system lacks merit.
 
 
 11
 B. Equal Protection Challenge to Nevada's Offers of Judgment Rule
 
 
 12
 Schmidt also alleges that Nev.R.Civ.P. 68 violates equal protection by forcing plaintiffs into a Hobson's choice by which they are forced to settle legitimate claims for less than fair value.[1] Again, because Schmidt is not a member of a suspect class and because the rule does not impinge on a fundamental right, we apply a rational basis test. See Jackson, 793 F.2d at 1093-94.
 
 
 13
 The Nevada Supreme Court has stated that the purpose of Nev.R.Civ.P. 68 is to encourage settlements before trial and thus preserve limited judicial resources. See Morgan v. Demille, 799 P.2d 561, 563 (Nev.1990); Beattie v. Thomas, 668 P.2d 268, 274 (Nev.1983) (listing factors to consider before court exercises its discretion to award costs and fees and observing that the purpose of the Rule 68 is to encourage settlements, not to unfairly force plaintiffs to forgo legitimate claims). This is a legitimate purpose. Moreover, Rule 68 is rationally related to promoting that purpose. See Bankers Life & Cas. Co. v. Crenshaw, 486 U.S. 71, 81-82 (1988) (state statute providing for 15% penalty against party unsuccessfully appealing from a money judgment did not violate equal protection).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 68 provides, in part:
 any party may serve upon the adverse party an offer to allow judgment to be entered for the money or property or to the effect specified in the offer.... An offer not accepted shall be deemed withdrawn.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorney's fees, but shall pay the costs and attorney's fees, if any be allowed, of the party making the offer from the time of the offer....
 Nev.R.Civ.P. 68.