139 P.3d 621

Leanne SHORT and Lawrence M. Short, wife and husband, Plaintiffs/Appellees,

v.

Dwyatt PETTY and Garnavieve Beeson, husband and wife, Defendants/Appellants.

No. 1 CA–CV 05–0471.

Court of Appeals of Arizona, Division 1, Department C.

July 27, 2006.

**104**

Bohm, Boyle & Jones, P.C. By Joseph M. Boyle, James B. Galbraith, Phoenix, Attorneys for Plaintiffs–Appellees.

The Cavanagh Law Firm, P.A. By Joel DeCiancio, Christopher Robbins, Phoenix, Attorneys for Defendants–Appellants.

## OPINION

BARKER, Judge.

¶ 1 Defendants made a joint offer of judgment under Arizona Rule of Civil Procedure 68 ("Rule 68") to plaintiffs, a husband and wife. The wife's claim was for personal injuries and her husband had a derivative claim for loss of consortium. Plaintiffs rejected the joint offer of $100,000 and recovered only $20,000 in a joint verdict. The trial court refused to impose sanctions and found that a joint offer of judgment must be apportioned to comply with Rule 68. For the reasons that follow, we find apportionment unnecessary in this case and reverse the judgment of the trial court.

### I.

¶ 2 The pertinent facts are undisputed. Leanne Short and Lawrence M. Short, wife and husband, filed a complaint alleging that Dwyatt Petty negligently caused a car accident in which Leanne Short suffered physical injuries. Leanne claimed damages for her injuries and loss of consortium; Lawrence sought damages for loss of consortium.

¶ 3 Defendants Dwyatt Petty and Garnavieve Beeson, husband and wife, served an unapportioned offer of judgment that provided:

Defendants, by and through undersigned counsel, hereby offer to allow judgment to be entered into in favor of Plaintiffs and against Defendants in the amount of ONE HUNDRED THOUSAND DOLLARS AND NO/CENTS ($100,000.00) plus costs on the cause of action asserted in this action. This offer must be accepted within the allotted time, and in the proper manner, as set forth in Rule 68 of the Arizona Rules of Civil Procedure.

The Shorts rejected the offer.

¶ 4 The Shorts originally requested separate jury verdict forms asserting that damages should be measured differently for each plaintiff. Defense counsel argued that separate verdict forms would confuse the jury. Following discussion, both counsel agreed to a single verdict form for plaintiffs and a single verdict form for defendants. The jury returned a verdict in favor of the Shorts finding their "full damages to be $20,000."

¶ 5 Petty and Beeson moved for Rule 68 sanctions because the verdict was significantly less than the $100,000 settlement offer. The trial court found the offer of judgment did not comply with Rule 68 because it did not apportion damages between Leanne's claims and Lawrence's claim.

¶ 6 Petty and Beeson timely appealed the judgment denying Rule 68 sanctions. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

### II.

¶ 7 Petty and Beeson raise one issue on appeal: whether an apportioned settlement offer was required for Rule 68 sanctions to apply to this case. The meaning and effect of a court rule is a question of law subject to de novo review. *Pima County v. Pima County Law Enforcement Merit Sys. Council*, 211 Ariz. 224, 227, ¶ 13, 119 P.3d 1027, 1030 (2005); *Perguson v. Tamis*, 188 Ariz. 425, 427, 937 P.2d 347, 349 (App.1996); *cf. Jones v. Buchanan*, 177 Ariz. 410, 868 P.2d 993 (App.1993).

¶ 8 When construing court rules we start, as with statutes, with the language of the rule. *State v. Superior Court (Stewart)*, 168

Ariz. 167, 169, 812 P.2d 985, 987 (1991). Rule 68(d) states, in relevant part, the following:

> If the judgment finally obtained is equal to, or more favorable to the offeror than, [sic] the offer, the offeree must pay, as a sanction, those reasonable expert witness fees and double the taxable costs of the offeror, as defined in A.R.S. § 12–332, incurred after the making of the offer, and prejudgment interest on unliquidated claims to accrue from the date of the offer.

Thus, if the "judgment finally obtained" is equal to or more favorable to the offeror than the offer, Rule 68(d) provides for sanctions. There is no question that the "judgment finally obtained" by the Shorts, $20,000, was more favorable to Petty and Beeson (the offeror) than the $100,000 offer of judgment conveyed pursuant to Rule 68. The $100,000 settlement offer was made to the Shorts jointly. The "judgment finally obtained" was for $20,000, also to the Shorts jointly. Thus, if the offer of judgment is valid, Petty and Beeson are entitled to sanctions promised under the plain language of Rule 68(d).

¶ 9 The Shorts, however, point to our decision in *Duke v. Cochise County,* 189 Ariz. 35, 938 P.2d 84 (App.1996). Based on *Duke,* the Shorts argue that Rule 68(d) does not permit relief because the settlement offer was unapportioned. They further argue that the unapportioned offer does not fall within what they argue is the "sole exception to the apportionment rule" created by *Sheppard v. Crow–Barker–Paul No. 1 Ltd. P'ship,* 192 Ariz. 539, 549, ¶¶ 56–58, 968 P.2d 612, 622 (App.1998).

¶ 10 *Duke* involved a fatal shooting by an escaped inmate of the maximum security unit of the Cochise County Jail. 189 Ariz. at 36–37, 938 P.2d at 85–86. The decedent's wife, on her own behalf and that of her two adult children, filed wrongful death claims against the County. *Id.* at 37, 938 P.2d at 86. The wife not only witnessed the shooting but also had been held hostage by the inmate; accordingly, she also included claims on her own behalf for "false imprisonment and emotional distress." *Id.* The plaintiffs in *Duke* filed an unapportioned offer of judgment pursuant to Rule 68 in the amount of $2 million. *Id.* The jury returned verdicts containing five

separate damages awards that totaled $3.55 million. *Id.* The trial court granted remittiturs and a judgment notwithstanding the verdict that reduced the total combined damages award to $1.75 million. *Id.*

¶ 11 In *Duke,* we did not reach the issue presented by the remittiturs which had the effect of making the judgment less favorable to the offeror (plaintiffs in *Duke* ) than the offer of judgment. *Id.* at 40 n. 2, 938 P.2d at 89 n. 2. Rather, we set forth a broad rule that "unapportioned joint offers of judgment [are] invalid for purposes of imposing sanctions under Rule 68(d) regardless of the outcome at trial." *Id.* at 41, 938 P.2d at 90. Other cases have relied on *Duke* and followed its holding. *E.g., Gamez v. Brush Wellman, Inc.,* 201 Ariz. 266, 34 P.3d 375 (App.2001); *Greenwald v. Ford Motor Co.,* 196 Ariz. 123, 993 P.2d 1087 (App.1999).

¶ 12 In *Sheppard,* the case that the Shorts argue is the sole exception to *Duke,* we recognized the "*Duke* rationale," but declined to follow it. 192 Ariz. at 549, ¶¶ 55–58, 968 P.2d at 622. *Sheppard* involved a complaint initiated by a father on behalf of his minor son. *Id.* at 542, ¶ 7, 968 P.2d at 615. We acknowledged that the father had a separate claim. *Id.* at 549, ¶ 58, 968 P.2d at 622. However, we distinguished the rule set forth in *Duke* because the plaintiff was acting as a representative of another and the claims at issue were divided due solely to the child's minority. *Id.*

¶ 13 We discuss in more detail below each of the four premises relied on in *Duke:* (1) the language of the rule, (2) the ability of offerees to independently evaluate offers, (3) the perceived impact of the joint offer or apportionment rule on offerors, and (4) the holdings of other jurisdictions. *See Duke,* 189 Ariz. at 40–41, 938 P.2d at 89–90. We add a fifth consideration: the policy of this State to discourage, rather than promote, litigation.

### III.

### A.

¶ 14 One of the bases underlying the apportionment rule in *Duke* was our determina-

tion that the language of Rule 68 "speaks in the singular." 189 Ariz. at 41, 938 P.2d at 90. We noted the singular usage of the term "offer." *Id.* Rule 68(a) states as follows:

At any time more than 30 days before trial begins, any party may serve upon the adverse party an offer to allow judgment to be entered in the action in accordance with the terms and conditions specified in the offer, plus costs then accrued.

Rule 68(c) also refers to "offeror" and "offeree" in the singular, as contrasted with the plural.

¶ 15 As we stated in *Duke*, "[w]hen the language of a statute or rule is unambiguous and unequivocal, it is determinative of the statute's construction." *Id.; see also Stewart*, 168 Ariz. at 169, 812 P.2d at 987 ("[W]hen the rule's language is not subject to different interpretations, we need look no further than that language to determine the drafters' intent."). Here, however, there are a number of reasons why we do not consider the references in Rule 68 to the singular form of "offer," "offeror," and "offeree" to make the rule "unambiguous and unequivocal."

¶ 16 First, there are also references to the plural in Rule 68. For instance, Rule 68(c)(1) specifically sets forth the requirements for an offer as follows:

If an award of attorneys' fees has been sought in the action, any offer made pursuant to this Rule shall set forth separately, as a specific stated sum, (i) the amount of any monetary award to be made on the *causes of action* asserted, and (ii) the amount of attorneys' fees to be awarded if the offer is accepted.

(Emphasis added.) The reference to "causes of action" is in the plural. This suggests that an offer may apply to both multiple parties and multiple claims. This same plural usage

of the phrase "causes of action" is also included in Rule 68(c)(3). That subsection permits partial acceptance of an offer of judgment—allowing the offeree to accept the damages portion of an offer and not the attorneys' fees portion. Ariz. R. Civ. P. 68(c)(3). In describing the damages portion of the offer it specifically provides that a party may accept "the monetary award to be made on the *causes* of action asserted." *Id.* Again, this language is broad enough to include multiple claims and multiple parties.

¶ 17 Second, Rule 68(c)(1) is specifically denominated to address the "[c]ontents of [the] offer." If all joint offers were precluded, one would expect the rule specifying what an offer must contain to say so. The rules of other courts, such as Nevada, have expressly addressed joint offers.[1] Had the supreme court intended to prohibit all joint offers by rule we believe it would have done so expressly rather than leaving it to language that includes both singular and plural forms.

¶ 18 Third, "[i]n interpreting rules, we apply the same principles used in construing statutes." *In re Nelson*, 207 Ariz. 318, 322, ¶ 16, 86 P.3d 374, 378 (2004). When construing Arizona statutes, "[w]ords in the singular number include the plural, and words in the plural number include the singular." A.R.S. § 1–214(B) (2002); *N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, 305, ¶ 18, 93 P.3d 501, 505 (2004) ("[U]nless the legislature expresses 'manifest intent' to the contrary, a plural noun will be construed to include the singular of that noun."). That principle also weighs in favor of permitting a plural construction here.

¶ 19 Fourth, were we to read Rule 68 to be strictly in the singular, and prohibit all joint offers, *Sheppard* would be in error. 192 Ariz. at 549, ¶ 58, 968 P.2d at 622. We

---

1. In *Duke*, this court cited with approval *Ramadanis v. Stupak*, 104 Nev. 57, 752 P.2d 767 (1988), and *Morgan v. Demille*, 106 Nev. 671, 799 P.2d 561 (1990). *Duke*, 189 Ariz. at 40, 938 P.2d at 89. In *Morgan*, the Nevada Supreme Court held an unapportioned offer by a husband and wife to a single defendant invalid for purposes of granting sanctions when the husband and wife obtained a more favorable verdict. 799 P.2d at 562–63. However, both *Morgan* and *Ramadanis*

have been superseded by statute. Nevada has since adopted rule and statutory changes that eliminate the apportionment rule in circumstances in which multiple parties have a unity of interest and may make a joint decision whether to accept an offer of judgment. *See* Nev. R. Civ. P. 68; Nev.Rev.Stat. § 17.115. *See also RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 121 Nev. 34, 110 P.3d 24, 29 (2005) (discussing rule and statutory changes).

expressly approved a joint offer in that case. *Id.*

¶ 20 For these reasons, we do not find the language in Rule 68 to preclude all joint offers.

## B.

¶ 21 Another basis for the apportionment or joint offer rule announced in *Duke* was that "requiring joint offers to be specifically allocated between multiple parties or claims places no greater burden on the party making the offer." 189 Ariz. at 41, 938 P.2d at 90. Apportionment, however, can be a strong disincentive to parties who wish to make an offer that settles the entire case and spares them of the expense of litigation. *See* Patrick E. Broom & Anders T. Aanestad, *Rule 68 Offers of Judgment—Problems Created by Duke v. Cochise County, Arizona Attorney,* Aug.-Sept.1998, at 29.

¶ 22 Apportionment makes it "no longer ... enough to figure out what it would be worth to end a matter entirely. It [becomes] necessary to work into the total dollar amount that is offered figures which could be accepted by the other side and still allow enough money in the budget for defense of those unaccepted claims." *Id.* With apportionment, "[o]ne cannot guarantee oneself freedom from litigation." *Id.; see also Wiese v. Dedhia,* 354 N.J.Super. 256, 806 A.2d 826, 831 (Ct.App.Div.2002) (recognizing burden placed on plaintiffs making a joint offer if the New Jersey rule "were construed to require spousal plaintiffs with interrelated claims, in the absence of any conflict of interest, to submit separate offers of judgment") (certif. granted Feb. 9, 2006). When being required to make multiple offers to multiple parties "offerors face the very real proposition of having to pay the value of their offer to one opposing party but still litigate against a non-accepting opposing party." Broom & Aanestad, at 29.

¶ 23 As we have held, "the policy of this State is to avoid, rather than promote, litigation." *See Valder Law Offices v. Keenan Law Firm,* 212 Ariz. 244, 253, ¶ 29, 129 P.3d 966, 975 (App.2006); *see also Foy v. Thorp,* 186 Ariz. 151, 153, 920 P.2d 31, 33 (App.

1996) (stating that Arizona law favors arbitration as a matter of public policy); *Clarke v. ASARCO Inc.,* 123 Ariz. 587, 589, 601 P.2d 587, 589 (1979) (same); A.R.S. § 12–1501 (2003). A blanket prohibition against joint offers puts a burden on the offeror—whether plaintiff or defendant—that cuts against this policy. "When given a choice, we should construe the rules, whether common law or statutory, consistent with this policy." *Valder Law Offices,* 212 Ariz. at 253, ¶ 29, 129 P.3d at 975.

## C.

¶ 24 Another of the primary bases for the *Duke* rationale pertains to conflicts and potential conflicts that may accompany a joint offer. 189 Ariz. at 41, 938 P.2d at 90. We held in *Duke* that "[a]n offeree presented with an unapportioned joint offer cannot make a meaningful choice between accepting the offer on any single claim or continuing the litigation to judgment on all claims." *Id.* We further noted that "an unspecified and unapportioned offer of judgment deprives the offeree of the opportunity to assess his or her chances of doing better at trial against one or more of the parties covered by the joint offer." *Id.*

¶ 25 We acknowledge that this, and other language in *Duke,* can be read broadly to preclude any unapportioned joint offer. The *Duke* case, however, involved both multiple parties and multiple claims. *Id.* at 37, 938 P.2d at 86. As we recognized in *Sheppard,* certain cases do not invoke the rationale upon which *Duke* relied. *Sheppard,* 192 Ariz. at 549, ¶ 58, 968 P.2d at 622. We declined to apply it there. *Id.*

¶ 26 In another Rule 68 case, we applied the *Duke* apportionment rule to preclude a joint offer but elaborated on the basis for why the rule did not apply in *Sheppard:* "*Sheppard* did not present the same considerations regarding *potentially conflicting interests among beneficiaries* that are involved in this case." *Greenwald,* 196 Ariz. at 126 n. 4, ¶ 10, 993 P.2d at 1090 n. 4 (emphasis added).

¶ 27 We also note that the critical question is not the assessment to be made at the time

the offer is extended, but the comparison of the offer to the "judgment finally obtained." Ariz. R. Civ. P. 68(d). As we noted in *Greenwald*, "the offer must be specific enough so that it can be determined, *at the time of judgment*, whether the offer or the judgment favored the offeree." 196 Ariz. at 125, 993 P.2d at 1089 (emphasis added). Thus, the ability to "make a meaningful choice" between rejecting and accepting an offer is a fundamental concept underlying the rule. *Duke*, 189 Ariz. at 41, 938 P.2d at 90. This includes the "opportunity to assess" one's chances of doing better at trial. *Id.*

### D.

¶ 28 Another factor we cited in *Duke* in our interpretation of Rule 68 was the construction that other jurisdictions had given to similar offer of judgment rules. *Id.* at 40–41, 938 P.2d at 89–90. We noted that rules from a number of states "have been construed uniformly to render unapportioned joint offers invalid." *Id.* at 41, 938 P.2d at 90.

¶ 29 When stated as a general proposition, to which there are exceptions, our assessment in *Duke* is correct. The case law certainly shows, however, that there are a number of jurisdictions that permit joint offers in certain circumstances. *E.g., John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1042 (Alaska 2002) (quoting *Taylor Constr. Servs., Inc. v. U.R.S. Co.*, 758 P.2d 99, 102 (Alaska 1988) (approving joint offers "if 'the offer was inclusive of all the relationships among the parties and their conflicting claims[ ]' and . . . 'no apportionment difficulty existed' ")); *Stallman v. Bell*, 235 Cal.App.3d 740, 286 Cal.Rptr. 755 (Cal.Ct.App.1991) (approving a joint offer to joint plaintiffs when there was only a single verdict rendered); *Fasing v. LaFond*, 944 P.2d 608 (Colo.Ct.App.1997) (approving a joint offer made by a husband and wife to a single defendant); *Wiese*, 806 A.2d at 831 (approving a joint offer from "spousal plaintiffs with interrelated claims and no real or apparent conflict of interest"); *see* Laura T. Kidwell, Annotation, *Application of State Offer of Judgment Rule—Apportionment Issues in Multiple Party Setting*, 125 A.L.R. 5th 193 (2005) (collecting cases).

### E.

¶ 30 We have long held that "[t]he purpose of Rule 68 is to encourage settlements and to avoid protracted litigation." *Twin City Constr. Co. of Fargo, N.D. v. Cantor*, 22 Ariz.App. 133, 135, 524 P.2d 967, 969 (1974) (citation omitted); *accord Wersch v. Radnor/Landgrant—A Phoenix P'ship*, 192 Ariz. 99, 102, 961 P.2d 1047, 1050 (App.1997). The United States Supreme Court stated in construing the equivalent federal rule:

> To be sure, application of Rule 68 will require plaintiffs to "think very hard" about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates.

*Marek v. Chesny*, 473 U.S. 1, 11, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The State Bar committee notes to the most recent amendments to Rule 68 state that "the Arizona Supreme Court called for consideration of further amendments to make the offer of judgment procedure an even more effective vehicle for the settlement of claims." The purposes underlying Rule 68 require that joint offers of judgment should be considered in light of all the facts in the case.

### IV.

¶ 31 Based on the foregoing, we affirm the general rule from *Duke* that unapportioned offers of judgment do not normally trigger Rule 68 sanctions. We also hold there are exceptions to the *Duke* apportionment rule, depending on the facts of the particular case, that may go beyond the exception recognized in *Sheppard*. This case is one of them. Trial judges must consider the facts of each case in determining whether a joint, unapportioned offer complies with the rule. As part of this determination, the trial court should also consider whether the joint, unapportioned offer, when compared to the "judgment finally obtained," *see* Rule 68, provided the offerees with the ability to "make a meaningful choice" between accepting or rejecting the offer and going forward with the litigation. *See Duke*, 189 Ariz. at 41, 938 P.2d at 90.

¶ 32 In this case, the offerees received an offer that was in the same form as the judgment finally obtained. Although the offer was unapportioned, so was the judgment.

The claims upon which the offer was based were intertwined. The offerees were represented by the same counsel. Even if there had not been a joint verdict form, there is no indication whatsoever that the offerees were unable to "make a meaningful choice" between the joint offer and continuing the joint prosecution of their claims at trial. The key here is the parties were able to "make a meaningful choice." Thus, Rule 68 sanctions are applicable.[2]

## V.

¶ 33 We reverse the judgment and remand this matter to the trial court for further proceedings consistent with this opinion.

CONCURRING: MAURICE PORTLEY, Presiding Judge and SUSAN A. EHRLICH, Judge.

---

**2.** In *Gamez*, 201 Ariz. at 273, ¶¶ 21–22, 34 P.3d at 382, we rejected a claim that an unapportioned joint offer by the defendant would qualify for Rule 68 sanctions. The plaintiffs were husband and wife with the wife having derivative claims. *Id.* at ¶ 21. That case is distinguishable from ours. Here, plaintiffs chose not to pursue separate damages. In *Gamez*, summary judgment was entered against both plaintiffs on liability grounds without regard to whether plaintiffs may have elected joint or separate damages awards. *Id.* at 271–73, ¶¶ 11–19, 34 P.3d at 380–82. Additionally, other than distinguishing *Sheppard*, *Gamez* does not take up the underlying bases for Rule 68 and the rule in *Duke* as we have done here. *Id.* at ¶¶ 21–22.