**SCOTTSDALE INSURANCE COMPANY, Plaintiff,**

v.

**Michael S. TOLLIVER and Sandra L. Tolliver, Defendants.**

No. 04–CV–0227–CVE–FHM.

United States District Court, N.D. Oklahoma.

Sept. 29, 2009.

Charles Michael Copeland, James E. Weger, John William Cannon, Jones Gotcher & Bogan, Tulsa, OK, for Plaintiff.

Brian Eugene Dittrich, Dittrich Law Firm PLLC, Tulsa, OK, for Defendants.

**OPINION AND ORDER**

CLAIRE V. EAGAN, Chief Judge.

Now before the Court are the reports and recommendations (Dkt. ## 227, 236) recommending that the Court grant Plaintiff's Supplemental Combined Motion for Attorneys' Fees and Brief in Support (Dkt. # 185). Defendants have filed an objection (Dkt. # 237) to the reports and recommendations as to plaintiff's right to recover fees, but the parties have filed a stipulation (Dkt. # 235) concerning the amount of fees.[1]

**I.**

Sandra and Michael Tolliver purchased a home located at 1735 East 31st Street, Tulsa, Oklahoma, and applied for dwelling insurance with Scottsdale Insurance Company (Scottsdale).[2] The Tollivers' application for insurance coverage was approved. However, the Tollivers did not disclose their complete loss history on their application. Specifically, the Tollivers failed to disclose that they had made two fire loss claims and a theft claim within the three years preceding their application for dwelling insurance from Scottsdale. On March 29, 2003, the house was destroyed in a fire and the Tollivers filed a claim with Scottsdale to recover the full amount available under the insurance policy. Scottsdale investigated the claim. It determined that the Tollivers had not disclosed their full loss history and the omissions from their loss history were material to Scottsdale's decision to issue dwelling insurance to the Tollivers. Scottsdale denied the Tollivers' claim based on omissions in their loss history, because Scottsdale determined that the omissions constituted material misrepresentations in the Tollivers' application for dwelling insurance.

On March 19, 2004, Scottsdale filed this case seeking a declaratory judgment that it had no obligation to indemnify the Tollivers for any loss, because the Tollivers made a material misrepresentation on their applica-

---

1. The parties have stipulated that plaintiff is entitled to recover $140,000 if its motion for attorney fees is granted. Dkt. # 235, at 2.

2. A more complete statement of the facts giving rise to this case can be found in the Court's opinion and order (Dkt. # 211) ruling on the Tollivers' post-trial motions. The facts stated in this Opinion and Order concern only those facts relevant to plaintiff's motion for attorney fees.

tion. The Tollivers counterclaimed for breach of contract and bad faith. The Court granted Scottsdale's motion for summary judgment on the Tollivers' bad faith counterclaim, but found that a genuine issues of material precluded summary judgment as to the Tollivers' breach of contract counterclaim. Dkt. # 87. On August 8, 2006, Scottsdale sent an offer to confess judgment as to the Tollivers' breach of contract counterclaim to the Tollivers' attorney, but the offer was not filed with the Court. Dkt. # 185, Ex. A. The offer referenced Fed. R.Civ.P. 68 and OKLA. STAT. tit. 12, § 1101.1. The Tollivers did not accept the offer, and the case proceeded to trial on Scottsdale's claim for cancellation of the insurance policy and the Tollivers' breach of contract counterclaim.

On April 18, 2007, a jury returned a verdict in favor of Scottsdale on its claim of cancellation. Dkt. # 125. The Tollivers appealed the verdict to the Tenth Circuit Court of Appeals. The Tenth Circuit held that this Court should have instructed the jury that Scottsdale had the burden to prove intent to deceive by clear and convincing evidence, and remanded the case for a new trial. Dkt. # 158, at 19. The Court set a new trial for May 19, 2008. The parties requested a continuance, and the trial date was reset for September 17, 2008. Trial began as scheduled and, on September 19, 2008, a second jury returned a verdict in favor Scottsdale. Dkt. # 178. The Tollivers filed post-trial motions under Fed.R.Civ.P. 59 and 60, and the motions were denied. Dkt. # 211. The Tollivers appealed the denial of their post-trial motions, and the Court's decision was affirmed by the Tenth Circuit. Dkt. # 240.

Following the second trial, Scottsdale filed a motion seeking attorney fees under § 1101.1, because the Tollivers did not accept its offer to confess judgment and were not awarded judgment equal to or greater than the offer. Dkt. # 185. The motion was referred to the magistrate judge for a report and recommendation. He issued a partial report and recommendation finding that Scottsdale was entitled to recover attorney fees and set a date for an evidentiary hearing as to the amount of attorney fees. Dkt.

# 227. The parties filed a stipulation that Scottsdale incurred $140,000 in attorney fees litigating this case. Dkt. # 235. The report and recommendation (Dkt. # 236) is that Scottsdale be awarded attorney fees in the amount of $140,000. The Tollivers have filed an objection to the report and recommendation and request *de novo* review of the magistrate judge's report and recommendation on two issues. They argue that (1) § 1101.1 conflicts with Rule 68, and § 1101.1 is inapplicable in federal court under the *Erie* doctrine; and (2) even if § 1101.1 is applicable, Scottsdale did not file its offer to confess judgment with the Court and the offer of judgment was invalid under § 1101.1. *See* Dkt. # 237.

## II.

Pursuant to Fed.R.Civ.P. 72(b), defendants have filed a timely objection to the magistrate judge's report and recommendation and the Court must conduct a *de novo* review of the magistrate judge's report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Northington v. Marin,* 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.

Defendants raise two objections to the magistrate judge's report and recommendation, and the Court must consider these issues *de novo.* First, defendants assert that Scottsdale's request for attorney fees is barred by *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), because Scottsdale relied on OKLA. STAT. tit 12, § 1101.1, a state procedural statute, as the substantive basis for its offer of judg-

ment and § 1101.1 does not apply in federal court under the *Erie* doctrine. Second, defendants argue that Scottsdale did not file its offer of judgment with the Court, and the offer was ineffective under § 1101.1.

Defendants assert that § 1101.1 does not apply in federal court, because it is an Oklahoma procedural statute that directly conflicts with the Federal Rules of Civil Procedure. Defendants argue that § 1101.1 conflicts with Rule 68 in two ways. First, each statute provides a different procedure for making an offer of judgment, because § 1101.1 requires that an offer of judgment be filed with the Court, while Rule 68 expressly prohibits the filing of an unaccepted offer of judgment. Second, Rule 68 does not permit the offeror to recover costs when the offeror prevails at trial, but § 1101.1 may still apply even when the offeror receives a verdict in his favor. Plaintiff responds that § 1101.1 creates a substantive right to attorney fees and it does apply in federal court, even if there is a conflict between the procedures required by Rule 68 and § 1101.1. Plaintiff also argues that defendants' interpretation of Rule 68 and § 1101.1 would result in inconsistent outcomes in state and federal court and, regardless of any conflict in procedural rules, the substantive aspect of § 1101.1 is enforceable in federal court.

Plaintiff's motion for attorney fees concerns the application of § 1101.1, a state offer of judgment statute, in a diversity case. In relevant part, § 1101.1 provides:

> After a civil action is brought for the recovery of money or property in an action other than for personal injury ..., any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:

> a. a written acceptance or rejection of the offer, or
>
> b. a counteroffer of judgment, as described in paragraph 2 of this subsection.
>
> If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected....

OKLA. STAT. tit. 12, § 1101.1(B). If the offeree rejects the offer of judgment and ultimately recovers less than the offer or nothing at all, the offeror is entitled to an award of "costs and reasonable attorney fees incurred ... from the date of the first offer of judgment...." *Id.* at § 1101.1(B)(3). Under the Federal Rules of Civil Procedure, a party may serve an offer of judgment on the opposing party at any time more than 10 days before trial. Fed.R.Civ.P. 68. The offer must not be filed with the Court. *Id.* If the offer is rejected and the offeree obtains a judgment that is less favorable than the offer, "the offeree must pay the costs incurred after the offer was made." *Id.* Rule 68 does not give the offeror the right to recover attorney fees incurred after the offer and is limited to cost-shifting only.

■ Under *Erie*, a federal court sitting in diversity must apply state substantive law but procedural matters are governed by federal law. *Erie*, 304 U.S. at 78, 58 S.Ct. 817; *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832 (10th Cir.2003); *Boyd Rosene & Assoc., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115 (10th Cir.1999). However, the application of *Erie* does not simply turn on whether a state statute can be characterized as procedural or substantive. *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1497 (10th Cir.1983). One of the key purposes of the *Erie* doctrine is to ensure that "the outcome of the litigation in federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

■ When state law mandates a different procedure from the Federal Rules of Civil Procedure, a district court must determine whether the state and federal rules are

in direct conflict. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539 (10th Cir.1996). If a Federal Rule of Procedure comes into direct conflict with a state procedural rule, a federal court sitting in diversity must apply the federal rule. *Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (Fed.R.Civ.P. 4 should be used to determine appropriate methods for service of process in diversity cases even when service does not comply with state law governing service of process); *Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 877 (10th Cir.2006) (*Erie* is inapplicable when state law comes into conflict with a Federal Rule of Civil Procedure). A federal district court should apply a conflicting state procedural rule only if application of the federal rule would violate the Rules Enabling Act, 28 U.S.C. § 2072, or the United States Constitution. *Atlantic Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 207 (6th Cir.1996); *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir.1991).

■ Defendants argue that Rule 68 directly conflicts with § 1101.1, and the federal rule must be applied under *Hanna*. Rule 68 does not allow a party to file an unaccepted offer of judgment with the court, but § 1101.1 requires that an offer be filed with the court before it may be accepted by the opposing party. Under Rule 68, an offer of judgment is filed only if it is accepted by the opposing party. *Ramming v. Natural Gas Pipeline Co. of America*, 390 F.3d 366, 370 (5th Cir.2004). Rule 68 exhibits a strong federal policy against filing such offers with the court and a party may incur a significant sanction for filing an unaccepted offer of judgment. *Bechtol v. Marsh & McLennan Cos., Inc.*, 2008 WL 2074046 (W.D.Wash. May 14, 2008) (striking unaccepted offer of judgment attached to a pleading by the offeree); *Dieujuste v. R.J. Elec., Inc.*, 2007 WL 2409831 (S.D.Fla. Aug. 21, 2007) (granting the plaintiff's motion to strike offer of judgment filed with court and reserving ruling on appropriate sanction against defendant); *Kason v. Amphenol Corp.*, 132 F.R.D. 197

(N.D.Ill.1990) (*sua sponte* striking offer of judgment filed by the defendant).

When state and federal procedural rules are in direct conflict, defendants are correct that the federal rule controls. There is no dispute that Rule 68 and § 1101.1 conflict as to the manner of making an offer of judgment and, under *Hanna*, a party must follow Rule 68 when making an offer of judgment in federal court. Scottsdale's offer of judgment was made pursuant to Rule 68 and § 1101.1, but Scottsdale relied on § 1101.1 as its substantive basis to seek an award of attorney fees. *See* Dkt. # 185, Ex. A ("Scottsdale also makes this offer pursuant to [§ 1101.1] and according to the terms of such statute."). There was nothing procedurally improper about Scottsdale's decision to follow Rule 68's procedure when making an offer of judgment, even though it relied on a state statute authorizing an award of attorney fees. Scottsdale would have violated a strong federal policy against filing an unaccepted offer of judgment with the Court and Scottsdale appropriately followed Rule 68's procedure for making an offer of judgment to defendants. Defendants overlook the plain language of Scottsdale's offer of judgment, which states that the offer was made under Rule 68 and § 1101.1. Scottsdale clearly intended to make an offer under Rule 68 and § 1101.1, and its offer would have been stricken if it followed the procedure required by § 1101.1. Scottsdale followed the correct procedure for making an offer of judgment in federal court, and the offer is not invalid due to Scottsdale's decision not to file the unaccepted offer with the Court.

■ Defendants argue that there is also a substantive conflict between Rule 68 and § 1101.1, and this conflict renders § 1101.1 wholly inoperable in federal court. Defendants identify two substantive differences between Rule 68 and § 1101.1. First, Rule 68 authorizes only an award of "costs" and § 1101.1 permits the offeror to recover costs and attorney fees. Second, Rule 68 does not apply when the offeror receives a verdict in its favor and the offeree's claims are rejected, while § 1101.1 applies even if the offeree does not obtain any verdict in its favor.[3]

---

**3.** A review of the case law shows that this is not truly an independent argument, and this argument will be addressed as part of the Court's

Under Rule 68, the term "costs" includes attorney fees only when the substantive statute underlying a party's claim or defense authorizes an award of attorney fees. *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). However, in diversity cases, state law governs an award of attorney fees as long as the state statute does not conflict with a valid federal statute or procedural rule. *See Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 260 n. 30, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Combs v. Shelter Mut. Ins. Co.,* 551 F.3d 991, 1001 (10th Cir.2008); *Bevard v. Farmers Ins. Exchange,* 127 F.3d 1147, 1148 (9th Cir.1997); *Texas Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.,* 907 F.2d 1571, 1575 (5th Cir.1990). In situations when a federal rule or statute does not permit attorney fees but a state statute would allow attorney fees, the state statute controls in a diversity case. *Matter of King Resources Co.,* 651 F.2d 1349, 1353 (10th Cir.1981). Thus, the general rule is that a state fee-shifting statute is substantive under *Erie,* and such statutes are enforceable in diversity cases in federal court.

The Tenth Circuit has addressed the effect of a state cost-shifting statute when the state statute authorizes an award of costs beyond those costs permissible under 28 U.S.C. § 1920 and, while not directly on point, this issue is analogous to present case. In *Garcia v. Wal–Mart Stores, Inc.,* 209 F.3d 1170 (10th Cir.2000), the plaintiff alleged that she was knocked over by a Wal–Mart employee pushing a shopping cart, and the jury subsequently determined that Wal–Mart Stores, Inc. was negligent. *Id.* at 1172. Before trial, the plaintiff made an offer of judgment to defendant and the offer was rejected. Plaintiff ultimately recovered more at trial than her offer of judgment, and sought costs under § 1920 and a Colorado statute authorizing additional costs not permitted by federal law. The district court denied plaintiff's application for costs authorized by Colorado law. *Id.* at 1173. The Tenth Circuit reversed the district court's decision and held that a state statute authorizing an award of costs other than those permitted by § 1920 did not conflict with Fed.R.Civ.P. 54. The Tenth Circuit stated:

> In the case of Fed.R.Civ.P. 54(d)(2), involving "attorneys' fees and related nontaxable expenses," the Rule expressly refers to "the substantive law governing the action," i.e., the governing state law in a diversity action. The provision "gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award." As a general rule in diversity cases, if "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." Rule 54(d)(2) does not limit the operation of state fee-shifting statutes to situations in which Congress has not already spoken, unlike Fed.R.Civ.P. 54(d)(1), which expressly permits Congress to provide for the award of specific costs, thereby preempting state law.

*Id.* at 1177. *Garcia* does not express the precise issue raised by defendants, but it is relevant to show that Rule 54 and *Hanna* do not prohibit a district court from awarding costs authorized by state law, even if not provided for by § 1920.

While there is not a substantial body of precedent on the *Erie* issue raised by defendants, one federal circuit court of appeals has considered whether a state offer of judgment statute may be applied in federal court if the state statute appears to conflict with Rule 68. The Ninth Circuit has held that a Nevada offer of judgment statute that permitted the offeror to recover attorney fees, in addition to costs, applied in federal court, because it did not conflict with Rule 68. *MRO Communications, Inc. v. American Tel. & Tel. Co.,* 197 F.3d 1276, 1280–82 (9th Cir.1999). Rule 68 clearly established the procedure for making an offer of judgment as to cost-shifting but Rule 68 does not address attorney fees, and Rule 68 was inapplicable to the district court's decision to award attorney fees. *Id.* at 1280. Instead, Rule 54(d)(2) creates the procedure for seeking post-judgment attor-

discussion of the applicability of state offer of judgment statutes in a federal diversity case.

ney fees in federal court, even though it does not create a substantive right to attorney fees, and parties are bound to follow the procedure set forth in Rule 54(d)(2) when filing a motion for attorney fees. *Id.* Nevada law concerning fee-shifting did "not run counter to a valid federal statute or rule of court ... [and] state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Id.* at 1281 (quoting *Alyeska Pipeline Serv.*, 421 U.S. at 259 n. 31, 95 S.Ct. 1612). Rule 68 is also inapplicable in a case when judgment is entered for the offeror, and a federal district court must refer to state substantive law to determine if an award of attorney fees is appropriate in such circumstances. *Id.* at 1280. Importantly, the Ninth Circuit also held that it was not necessary for a party to make separate offers under state and federal law to recover attorney fees under a state offer of judgment statute if the offer was made in compliance with Rule 68. *Id.* at 1279.

The Court finds the reasoning of *MRO Communications* persuasive and finds that the Tenth Circuit would likely follow that decision. Rule 68 prescribes the procedure for making an offer of judgment in federal court, and Scottsdale followed Rule 68 when making its offer of judgment. When the offer was made, defendants did not argue that the offer was invalid due to Scottsdale's failure to follow the procedural requirements of § 1101.1, nor did defendants' claim that they were prejudiced by Scottsdale's failure to file the offer of judgment with the Court. Rule 68 does not speak to an award of attorney fees and the Court must refer to state substantive law to determine if an award of attorney fees is appropriate. *See Garcia,* 209 F.3d at 1177 (applying state cost-shifting statute when federal law did not govern an award of costs for the precise items addressed by Colorado law). Although there is not substantial legal authority on this issue, federal courts have treated a state offer of judgment statute creating a right to attorney fees as substantive for the purpose of *Erie. See Jones v. United Space Alliance, LLC,* 494 F.3d 1306 (11th Cir.2007); *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage,* 60 F.3d 305, 311–12 (7th Cir.1995); *Zamani v.*

*Carnes,* 2009 WL 2710108 (N.D.Cal.2009); *Armacost v. Amica Mut. Ins. Co.,* 821 F.Supp. 75, 78 (D.R.I.1993). There was no need for Scottsdale to serve defendants with separate offers under Rule 68 and § 1101.1 for the offer to effective, because Scottsdale's method of making the offer of judgment fully complied with Rule 68 and put defendants on notice that the offer was made pursuant to Rule 68 and § 1101.1. *MRO Communications, Inc.,* 197 F.3d at 1279. The fact that Scottsdale would not be entitled to costs under Rule 68 due to the verdict in its favor does not eliminate its substantive right to attorney fees under Oklahoma law and, having found that Scottsdale made a valid offer of judgment, the Court is bound to apply substantive Oklahoma law and award attorney fees to Scottsdale.

**IT IS THEREFORE ORDERED** that the magistrate judge's reports and recommendations (Dkt. ## 227, 236) are **accepted,** and Plaintiff's Supplemental Combined Motion for Attorneys' Fees and Brief in Support (Dkt. # 185) is **granted.** A separate judgment is entered herewith.

### PARTIAL REPORT AND RECOMMENDATION

FRANK H. McCARTHY, United States Magistrate Judge.

Plaintiff's Supplemental Motion for Attorneys' Fees [Dkt. 185] is before the undersigned United States Magistrate Judge for Report and Recommendation.

Plaintiff's motion presents two distinct questions: the legal question of Plaintiff's entitlement to attorney fees; and the factual question of the reasonable amount of fees. As hereafter discussed, this Partial Report and Recommendation resolves the legal question in Plaintiff's favor. The amount of fees remains to be resolved. The undersigned will schedule an evidentiary hearing to address that question and will issue an additional Report and Recommendation concerning the amount of fees.

#### Background

Michael and Sandra Tolliver's (Tollivers) house, which was insured by Scottsdale In-

surance Company (Scottsdale), was damaged by a fire. Scottsdale filed this case seeking cancellation of the insurance policy and the Tollivers counterclaimed for breach of contract and bad faith. The Court granted summary judgment to Scottsdale on the bad faith claim. [Dkt. 87]. Scottsdale then served an Offer to Confess Judgment on the breach of contract claim which the Tollivers did not accept.

The case has been tried to a jury, twice and twice a jury has rendered a verdict in favor of Plaintiff Scottsdale on its claim for cancellation of the insurance policy. [Dkt. 125, 178]. Following the first trial, the undersigned entered a Partial Report and Recommendation [Dkt. 152] finding that the offer of judgment made by Scottsdale is valid under 12 Okla. Stat. § 1101.1. After the parties' agreement that $60,000 was a reasonable attorney fee, the undersigned entered a Final Report and Recommendation recommending an attorney fee award in favor of Plaintiff in the amount of $60,000. [Dkt. 155]. Defendants filed an objection to the Partial Report and Recommendation. [Dkt. 156]. Before the District Court ruled on the attorney fee issue, the Tenth Circuit reversed the judgment entered on the jury verdict and remanded the case for a new trial under different jury instructions. [Dkt. 158]. Following remand, the Court found that the motion for attorney fees, the related Report and Recommendation, and objection were moot. [Dkt. 160].

The case has been retried, a verdict returned for Plaintiff, and a judgment entered in favor of Plaintiff Scottsdale Insurance Company against Defendants. [Dkt. 179].

In the instant motion for attorney fees, [Dkt. 185], Plaintiff again seeks attorney fees on the same basis as the earlier motion. That is, Scottsdale seeks recovery of the reasonable litigation costs and reasonable attorney fees incurred after the date of its Offer to Confess Judgment pursuant to 12 Okla. Stat. § 1101.1.[1] [Dkt. 131]. The Tollivers contend Scottsdale's motion should be denied for the following reasons:

1. Because Scottsdale's Supplemental Motion for Attorney Fees is untimely;

2. Because no judgment was entered in favor of the Tollivers;

3. Because Scottsdale's Offer to Confess Judgment was not filed with the court;

4. Because Scottsdale's Offer to Confess Judgment was made jointly to the Defendants;

5. Because Scottsdale's motion is precluded by the Erie Doctrine.

Except for the Tolliver's assertion that the motion is untimely, the parties have repeated the arguments they advanced following the first trial concerning an attorney fee award. Therefore, for the most part, this Partial Report and Recommendation reproduces the analysis and conclusions the undersigned reached in issuing the previous Partial Report and Recommendation in this case. [Dkt. 152].

### *Discussion*

The undersigned rejects the Tolliver's assertion that the Supplemental Motion for Attorney Fees is untimely. Fed. R.Civ.P. 54(d) requires that a motion for attorney fees must be filed within fourteen days after the entry

1. 12 Okla. Stat. § 1101.1(B) provides in relevant part:
    1. After a civil action is brought for the recovery of money or property in an action other than for personal injury, ... any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise.
        * * *
    If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected....

    * * *
    3. If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff is less than one or more offers of judgment, the defendant shall be entitled to reasonable litigation costs and reasonable attorney fees incurred by the defendant with respect to the action or the claims included in the offer of judgment from and after the date of the first offer of judgment which is greater than the judgment until the date of the judgment. Such costs and fees may be offset from the judgment entered against the offering defendant.

of judgment. Although Scottsdale's motion was not filed within that fourteen day time frame, the TOLLIVER's motion for new trial suspended the running of the Rule 54(d) fourteen day period. The Court fully discussed the rationale for this conclusion in its Order granting Plaintiff's Motion to Review the Clerk's Order on Motion for Costs. [Dkt. 225]. Based on that rationale, the undersigned finds that the instant motion, filed while the Motion for New Trial was pending, is timely.

Relying on language in 12 Okla. Stat. § 1101.1, which requires the judgment to be less than the offer to give rise to an award of costs and attorney fees, the Tollivers argue that, because no judgment was entered in favor of the Tollivers, § 1101.1 is not applicable to this case. The Tollivers cite cases interpreting Fed.R.Civ.P. 68 as support for this position. Scottsdale responds by citing *Commercial Financial Services, Inc. v. J.P. Morgan Securities, Inc.*, 152 P.3d 897 (Okla. Civ.App.2006), where the Oklahoma Court of Civil Appeals rejected the Tolliver's construction of § 1101.1.

Where, as here, federal jurisdiction is based on diversity of citizenship, the court applies the law of the forum state. In the absence of authoritative precedent from the forum state, the federal court must predict how the state court would rule. *DP–Tek, Inc. v. AT & T Global Information Solutions Co.*, 100 F.3d 828, 831 (10th Cir.1996). The undersigned finds that *Commercial Fin. Svs.* correctly predicts Oklahoma law on this issue. Therefore 12 Okla. Stat. § 1101.1 is applicable to this case despite the fact that no judgment was entered in favor of the Tollivers.

Again relying on the language of 12 Okla. Stat. § 1101.1, the Tollivers contend the offer to confess judgment was invalid because it was not filed with the court as required by § 1101.1. Notably, the Tollivers assert only that the offer was not filed, they do not assert that they did not receive the offer or that the lack of filing worked any prejudice on them. The Ninth Circuit addressed a similar issue in *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1282–83 (9th Cir.1999). The Court held that state law did not purport to prescribe the procedure that should be followed in federal court for making an offer of judgment. Rather, the procedure prescribed in Fed. R.Civ.P. 68 should be followed in making the offer of judgment. Further, since state law permitted recovery of attorney fees after the rejection of an offer of judgment, it would be unjust to reach a different result because the forum is federal. The reasoning of the *MRO* Court is sound. The undersigned concludes that Scottsdale's offer of judgment is not invalid because it was not filed in accordance with § 1101.1. It was appropriate for Scottsdale to follow the dictates of Fed.R.Civ.P. 68 in making its offer to confess judgment.

The Tollivers also argue that because the Oklahoma offer of judgment statute, 12 Okla. Stat. § 1101.1, is located within Oklahoma's civil procedure code, it is a procedural matter. Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) procedural matters in federal court are governed by federal law. They argue therefore that 12 Okla. Stat. § 1101.1 should not be applied to their case at all. Although the Tenth Circuit has not decided this issue, the Ninth Circuit and the Seventh Circuit have both rejected the Tolliver's argument. *MRO Communications*, 197 F.3d at 1282; *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist.*, 60 F.3d 305 (7th Cir.1995). The undersigned is persuaded by these authorities and concludes that Scottsdale's claim under 12 Okla. Stat. § 1101.1 is not precluded by the *Erie* Doctrine.

The Tollivers contend that the offer of judgment is invalid because it was an unapportioned offer made jointly to both Mr. and Mrs. Tolliver. There is no authoritative precedent on the subject because the Oklahoma Supreme Court has not addressed the issue. The Tollivers cite two cases from the Oklahoma Court of Civil Appeals in support of their argument: *Haddock v. Woodland Park Home, Inc.*, 90 P.3d 594 (Okla.Civ.App. 2004) and *Medlock v. Admiral Safe Co., Inc.*, 122 P.3d 883 (Okla.Civ.App.2005). In the process of attempting to predict how the Oklahoma Supreme Court would rule on the issue, a federal court looks to lower state

court decisions such as the Oklahoma Court of Civil Appeals. *DP–Tek*, 100 F.3d at 831. However, the undersigned is not persuaded that the cases cited by the Tollivers correctly predict the Oklahoma law on this issue.

In *Haddock*, the court concluded that an unapportioned offer was invalid under 12 Okla. Stat. § 1101.1 because the statute was written in the singular and because such offers prevent each plaintiff from evaluating the offer with regard to his or her claim. *Haddock* involved a husband and wife with separate claims. The wife's claim for damages was for injuries she sustained in an automobile accident, while the husband's claim was for loss of consortium. That these claims were divisible and therefore required separate offers of judgment is illustrated by the fact that at trial the jury found in favor of the wife, awarding her $350,000 in damages but found in favor of the defendant and against the husband on the loss of consortium claim. *Haddock*, 90 P.3d at 595.

In *Medlock*, an attorney fee award made under § 1101.1 was reversed because the offer to confess judgment was made to the several plaintiffs as a group and was therefore invalid. A dissenting opinion severely criticized the statutory construction employed by the *Haddock* Court. 122 P.3d at 889 (Joplin, J. dissenting). The *Medlock* majority acknowledged the dissent's general statement concerning statutory construction as being correct, but found that "the context of § 1101.1" required the result that an offer to several plaintiffs is invalid. 122 P.3d at 889.

The undersigned is persuaded by the reasoning of the dissent in *Medlock* that the construction of § 1101.1 adopted by the *Haddock* court does not properly apply the rules of statutory construction. In *Haddock* the Court observed that the wording of § 1101.1 was in the singular referring to an offer by "any defendant" to "any plaintiff." Because the statute employed the term "any plaintiff," the *Haddock* Court found that "[c]larity requires separate offers to each plaintiff." *Haddock*, 90 P.3d at 598. The dissenting judge in *Medlock* stated the *Haddock* Court's construction of § 1101.1 was faulty because it violated the following statutorily mandated rule of statutory construction:

> Words used in the singular number include the plural, and the plural the singular, except where a contrary intention plainly appears.

25 Okla. Stat. § 25. Since a contrary intention does not plainly appear in § 1101.1, the *Medlock* dissent reasoned that application of the foregoing rule mandates an interpretation which allows " 'any' defendant to make offers to "several plaintiffs." " *Medlock*, 122 P.3d at 890 (Joplin, J., dissenting). The dissent further stated that to prohibit a singular unapportioned offer turns statutory and common law jurisprudence on its head. *Id.*

The undersigned wholly agrees with the *Medlock* dissent's construction of § 1101.1. The result reached by *Haddock* and the *Medlock* majority cannot be justified by the express terms of the statute. Nor can the policy concerns expressed in *Haddock* justify applying the *Haddock* interpretation in this case. The *Haddock* Court expressed concern that an unapportioned offer made to multiple plaintiffs would prevent each plaintiff from evaluating the settlement offer against the value of the individual's claim. *Haddock*, 90 P.3d at 598. In the present case, the Tollivers, husband and wife, asserted a single unitary insurance claim for a single unitary loss on their insured home. There is nothing within the record which suggests that the Tollivers had anything other than an undivided joint interest in the case. Under such circumstances a single unapportioned offer is especially appropriate. *See generally Short v. Petty*, 213 Ariz. 103, 139 P.3d 621 (App.2006) (unapportioned offer to parties with intertwined claims, represented by same counsel and joint verdict form allowed parties to make meaningful choice between accepting or rejecting offer and, therefore permitted award of attorney fees); *Wiese v. Dedhia*, 354 N.J.Super. 256, 806 A.2d 826 (2002) (unapportioned offer to parties with inextricably linked claims arising from same transaction and no conflicts of interest valid and will support award of attorney fees).

The undersigned concludes that if confronted with this issue, the Oklahoma Su-

preme Court would adjudge the appropriateness of a single unapportioned offer to confess judgment made to multiple plaintiffs based on the nature of the claims asserted, not the statutory construction employed by the *Haddock* and *Medlock* Courts. Therefore, in this case where the Tollivers have an undivided joint interest in the breach of contract claim, are represented by the same attorney, have a joint verdict and there is no conflict of interest between them, the unapportioned offer made by Scottsdale is valid under 12 Okla. Stat. § 1101.1.

### *Conclusion*

Based on the foregoing, the undersigned RECOMMENDS that Scottsdale's Motion for Attorneys' Fees [Dkt. 185] be GRANTED.

The Tolliver's request for an evidentiary hearing on the reasonableness of the requested fees is GRANTED. A hearing before the undersigned United States Magistrate Judge will be scheduled after the parties advise the Court whether they are able to agree on a reasonable hourly rate and a reasonable number of hours to be awarded. Counsel are hereby directed to personally meet and confer in good faith to determine whether there are matters related to the amount of the fee award which are not disputed. On or before April 6, 2009, the parties are to file a joint notice advising the Court of the specific areas of dispute concerning the amount of the fee request.

Since this Partial Report and Recommendation does not completely resolve the Supplemental Motion for Attorneys' Fees [Dkt. 185], the time under 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), for filing specific written objections to this Partial Report and Recommendation shall not begin to run until the undersigned issues a Report and Recommendation addressing the amount of fees to be awarded.

### *FINAL REPORT AND RECOMMENDATION*

Plaintiff's Supplemental Motion for Attorneys' Fees [Dkt. 185] is before the under-signed United States Magistrate Judge for Report and Recommendation.

On March 25, 2009, the undersigned issued a Partial Report and Recommendation, [Dkt. 227], which addressed the legal issues presented by Plaintiff's Motion for Attorney Fees. The parties were instructed to meet and confer to determine whether they could agree on any matters related to the amount of fees. The parties have filed a Joint Stipulation Concerning the Proper Amount of Attorneys' Fees to be Recommended Pursuant to Plaintiff's Supplemental Motion for Attorneys' Fees in which the parties report they have agreed on the amount of attorney fees recoverable by Plaintiff in the amount of $140,000.00. [Dkt. 235].

The Stipulation resolves only the amount of the attorney fee award. The parties have not agreed on the legal issues addressed in the Partial Report and Recommendation, [Dkt. 227], and Defendants reserve their right to object to the recommendations contained therein.

Based on the findings in the Partial Report and Recommendation, [Dkt. 227], and the parties' stipulation, the undersigned RECOMMENDS that the Court GRANT Plaintiff's Supplemental Motion for Attorneys' Fees [Dkt. 185] and award Plaintiff attorneys' fees in the amount of $140,000.00.

In accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), a party may file specific written objections to this Report and Recommendation and the Partial Report and Recommendation issued on March 25, 2009. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report. The parties are advised that the 10-day period for filing objections to the Partial Report and Recommendation entered on March 25, 2009, [Dkt. 227], begins running on the date this Final Report and Recommendation is entered.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

make a de novo determination upon the record, or after additional evidence, of any

portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir.1996) (quoting *Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

April 28, 2009.