WILLIAM L. YADA AND LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Appellants, v. FRED JOSEPH SIMPSON, Respondent.

No. 24789

April 3, 1996                                   913 P.2d 1261

*Rawlings, Olson & Cannon* and *Peter M. Angulo*, Las Vegas, for Appellants.

*Peter L. Flangas*, Las Vegas; *Todd Nelson*, Las Vegas, for Respondent.

## OPINION

By the Court, ROSE, J.:

A jury found appellants William L. Yada and the Las Vegas Metropolitan Police Department (LVMPD) liable to respondent Fred Joseph Simpson for false imprisonment and battery. We reverse the judgment with respect to the claim of false imprisonment and the award of attorney's fees to Simpson. We affirm the judgment with respect to the claim of battery.

### FACTS

Early in the morning on August 6, 1986, Simpson and some friends were in a jacuzzi at the apartment complex where Simpson lived. Officer Yada responded to a call from a security officer at the complex, who complained that the group in the jacuzzi was too loud. Yada ordered Simpson and the others from the jacuzzi. When Simpson stated that he had a right to remain, Yada declared that he was under arrest. At trial, the parties offered conflicting evidence as to how Yada and Simpson each acted. Simpson presented evidence that Yada, another police officer, and two security officers used excessive force in arresting him. Yada presented evidence that Simpson had aggressively resisted the arrest and that only moderate force was used against him.

Yada arrested Simpson and charged him with battery on an officer, resisting arrest, assault, disorderly conduct, and disturbing the peace. In his declaration of arrest, Yada indicated that the battery on an officer was a misdemeanor charge. However, the jail booked Simpson for felony battery on an officer and set bail for that charge at $5,000. The bail for all five charges totaled $8,750. Simpson stayed in jail for nearly a week. He was ultimately charged by criminal complaint with battery, resisting arrest, and disturbing the peace. The justice of the peace later found him guilty of resisting arrest and not guilty of battery and disturbing the peace.

On August 7, 1988, Simpson sued Yada, the LVMPD, and some other defendants, alleging false arrest, false imprisonment, malicious prosecution, assault, and battery. The jury found Yada and the LVMPD liable for battery and false imprisonment and awarded $12,500 for the false imprisonment and $50,000 for the battery, for a total judgment of $62,500. The district court

directed Yada and the LVMPD to pay Simpson's attorney's fees of $10,000.

## DISCUSSION

### False Imprisonment

It is established that Simpson's arrest was valid: the justice of the peace found that Simpson had committed the offense of resisting arrest, and the civil jury rejected his claim of false arrest. "The plaintiff in a false imprisonment action bears the burden of proving that the delay following his valid arrest was unlawful. A few hours may constitute an unnecessary delay; whether the defendant proceeded with due diligence depends on the circumstances of the particular case." Nelson v. City of Las Vegas, 99 Nev. 548, 554, 665 P.2d 1141, 1145 (1983) (citations omitted). In *Nelson,* the arresting officer's "potential liability for delay ceased when he promptly turned [the plaintiff] over to the officers who were responsible for taking [the plaintiff] to jail." *Id.* at 555, 665 P.2d at 1145.

No evidence shows that Yada acted without due diligence in turning Simpson over to officers who placed Simpson in jail. Simpson's theory of false imprisonment appears to have been that Yada intentionally charged him with four "false charges," causing his bail to be excessive and preventing him from posting bail. However, we conclude that Yada's confrontation with Simpson provided him with probable cause to arrest Simpson for disturbing the peace, disorderly conduct, assault, and battery on an officer, even though these charges were either never prosecuted or never proven beyond a reasonable doubt. Further, assuming that setting an excessive amount of bail can constitute false imprisonment, Simpson never showed that Yada or the LVMPD were responsible for setting the amount of bail. The record shows that the admitting officers at the jail set the bail amounts and charged Simpson with felony battery on an officer even though Yada intended the charge to be a misdemeanor. Nor did Simpson show that he attempted to post bail but was unable to because of the bail amount. We therefore conclude as a matter of law that false imprisonment was not established in this case.

### Battery

The jury found that Yada had committed a battery in arresting Simpson. The jury was instructed that "a police officer who uses more force than is reasonably necessary to effect a lawful arrest commits a battery upon the person arrested." The evidence on

this issue was conflicting, but Simpson offered the testimony of other eyewitnesses, in addition to his own, indicating that Yada used unnecessary force in arresting him. This court will not overturn a jury verdict if it is supported by substantial evidence, unless the verdict is clearly erroneous in light of all the evidence presented. Frances v. Plaza Pacific Equities, 109 Nev. 91, 94, 847 P.2d 722, 724 (1993). We conclude that there was adequate evidence for a reasonable jury to find that a battery occurred.

*Attorney's Fees*

Simpson made a joint offer of judgment of $50,000 to Yada, LVMPD, and another defendant. The defendants rejected it. The offer did not state to what extent each defendant was liable. The district court awarded Simpson attorney's fees because after trial Simpson obtained an award greater than the one he had offered the defendants.

NRCP 68 provides that an offeree who obtains a judgment no more favorable than a rejected offer of judgment must pay attorney's fees and costs of the other party, if any are allowed. NRS 17.115(4) has substantially the same provision. Since we have rejected the false imprisonment claim and damages, the judgment obtained by Simpson was not more favorable than his offer of judgment. But further, in prior cases, this court has consistently concluded that unapportioned offers of judgment are an invalid basis for the award of attorney's fees.

An offer of judgment made to multiple plaintiffs but unapportioned between them was invalid as a basis for the award of attorney's fees in Ramadanis v. Stupak, 104 Nev. 57, 59, 752 P.2d 767, 768 (1988). Similarly, an offer of judgment made by multiple plaintiffs but not apportioned between them was invalid in Morgan v. Demille, 106 Nev. 671, 674-75, 799 P.2d 561, 562-63 (1990). In Bergmann v. Boyce, 109 Nev. 670, 856 P.2d 560 (1993), a defendant failed to apportion his offer of judgment between three plaintiffs, the plaintiffs rejected it, and the defendant prevailed at trial. This court refused to recognize an exception to the rule invalidating unapportioned offers even where the defendant was found to have no liability and thus clearly received a more favorable result than the offer he made. We reasoned that NRCP 68 is intended to encourage settlements but that unapportioned joint offers do not serve that end: "Individual offerees, unable to determine their share of a joint offer, cannot make a meaningful choice between accepting the offer or continuing the litigation to judgment." *Id.* at 678, 856 P.2d at 565. We therefore concluded that "the better rule is to hold all unapportioned joint

offers of judgment invalid regardless of the outcome of the trial on the merits." *Id.*

The rule and its rationale apply also to the instant case, where a single plaintiff's offer of judgment was not apportioned among multiple defendants. Such an offer of judgment does not serve to encourage settlement since the individual defendants are unable to determine their share of a joint offer and make a meaningful choice between accepting the offer or continuing to litigate. Therefore, Simpson's offer of judgment was an invalid basis for the award of attorney's fees, and the district court erred in ordering the payment of fees.

## CONCLUSION

The verdict of $12,500 for false imprisonment was clearly erroneous, and we therefore reverse the district court's judgment in this regard. We also reverse the award of attorney's fees. We affirm the judgment of $50,000 for battery since there was substantial evidence to support it.

STEFFEN, C. J., and YOUNG and SHEARING, JJ., concur.

SPRINGER, J., concurring in part and dissenting in part:

I concur with the majority opinion affirming the $50,000.00 battery judgment and reversing the award of attorney's fees; however, I disagree with the reversal of the false imprisonment judgment and dissent on this point.

Simpson's false imprisonment claim is based on Officer Yada's having lodged a number of unfounded and unsupportable criminal charges against Simpson which resulted in his being required to post an unreasonable and inappropriate bail of $8,750.00 in order to effect his release after his being arrested for disturbing the peace and resisting arrest. Simpson claimed that he would have been able to meet a reasonable bail, but that he was unable to post $8,750.00. Because of this Simpson claims that he was unreasonably and unnecessarily detained as a result of Officer Yada's maliciously overcharging him to prevent him from being released on bail. The jury agreed and returned a verdict favoring Simpson.

Simpson's false imprisonment claim arose out of an incident at the apartment house complex where Simpson lived. The police were called because of some boisterousness among a group of people near the jacuzzi. The facts are very much in conflict, with the police charging that Simpson was unruly and uncooperative and with Simpson claiming that Officer Yada unnecessarily beat him and injured him very severely. The highlight of this event was that Simpson and Officer Yada (in full police regalia and armament) fell together into the jacuzzi.

Simpson's false imprisonment charge is based upon Officer Yada's filling out a "declaration of arrest" form in a manner that resulted in an inappropriately high bail requirement that prevented Simpson from being released on bail. It is the practice of LVMPD on misdemeanor arrests to release the arrestee on bail in accordance with a pre-formulated bail-schedule. This schedule is designed as a convenience for arrestees who are able to make bail and who are appropriate subjects for release with bail without specific action being taken by a magistrate in each instance. All agree that this is an acceptable and indeed a necessary practice. Because of the manner in which these bail-schedule releases are employed, the sole determinant of the bail amount is the manner in which the arresting officer makes out the "declaration of arrest" form. If, for example, an arresting officer were to elect to state ten or twenty charges arising out of a given arrest situation, the possibility of making bail under the described bail-schedule arrangement would steadily decrease as the number of charges were piled on. It is called "throwing the book" at the arrestee.

Appellants argue in their brief that because Simpson was ultimately convicted of resisting arrest, he cannot maintain a false imprisonment action against the police. Whether or not Simpson was convicted of resisting arrest has nothing to do with whether Officer Yada maliciously caused Simpson to be detained for an unreasonable and unnecessary period of time by stacking charges in the declaration of arrest in a manner that he knew would result in preventing what would have otherwise been a routine release.

This is a unique case because of the special kind of bail proceedings initiated by the magistrate for the release of "weekend misdemeanants." There appears to be in this record ample evidence upon which a jury could have come to the conclusion that Officer Yada improperly, and contrary to the actual or implied intentions of the magistrate, "stacked up" a $8,750.00 bail based on what was essentially one incident. The jury could very well have concluded under these circumstances that Officer Yada was maliciously causing the false (legally unjustified) imprisonment of Simpson. Under these circumstances I would let the false imprisonment judgment stand.