# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALEX FAYER, AKA James
McLynn,
            *Plaintiff-Appellant,*

            v.

ARTHUR VAUGHN; STATE OF
NEVADA, EX REL NEVADA GAMING
CONTROL BOARD, ENFORCEMENT
DIVISION; MIRAGE CASINO-HOTEL,
            *Defendants-Appellees.*

No. 10-15520

D.C. No.
2:09-cv-02396-ECR-
LRL

OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted April 12, 2011*
San Francisco, California

Filed May 4, 2011

Before: Alfred T. Goodwin and N. Randy Smith,
Circuit Judges, and Raner C. Collins, District Judge.**

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Raner C. Collins, District Judge for the U.S. District
Court for Arizona, Tucson, sitting by designation.

## COUNSEL

Thea Marie Sankiewicz, Nersesian & Sankiewicz, Las Vegas, Nevada, for plaintiff-appellant Alex Fayer.

Michael P. Somps, Senior Deputy Attorney General, State of Nevada, for defendant-appellees Arthur Vaughn and the State of Nevada ex rel. Nevada Gaming Control Board, Enforcement Division.

Michael B. Lee, Kravitz, Schnitzer, Sloane & Johnson, Chtd., Las Vegas, Nevada, for defendant-appellee The Mirage Casino-Hotel.

---

## OPINION

PER CURIAM:

We affirm the district court's dismissal of Alex Fayer's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Nevada Revised Statutes ("NRS") § 205.465 makes it "unlawful for a person to possess . . . any document or personal identifying information for the purpose of establishing a false status . . . or identity." Fayer admitted to Agent Arthur Vaughn of the Nevada Gaming Control Board ("NGCB") that he possessed and used an unofficial identification card and credit card in the name of "James McLynn" to gamble at several Las Vegas casinos. Fayer's admissions provided Vaughn with probable cause to believe Fayer had committed a crime, therefore permitting Vaughn to arrest Fayer. As a result, Fayer's amended complaint failed to state plausible claims for false arrest, conspiracy to commit false arrest, false imprisonment, and premises liability under state and federal law.

## I.  Background

Fayer is an "advantage gambler," meaning he is a regular net winner in Las Vegas casinos. On October 9, 2008, Fayer wagered on sports at the Bellagio and Circus Circus casinos under the name "James McLynn" and won $8,000. When Fayer presented his winning tickets to MGM management,[1] management informed him that it had a problem redeeming

---

[1] MGM Resorts International is a corporate holding company with control over the Mirage, Bellagio, and Circus Circus casinos, among many others.

his tickets. He was then directed to speak with the manager at the Mirage Hotel-Casino. Fayer went to the Mirage. There, the manager denied payment of his tickets.

Believing MGM had unlawfully denied payment of his tickets, Fayer contacted the NGCB for assistance. Vaughn, an agent with the Enforcement Division of the NGCB, responded and requested that Fayer meet him at the Mirage's cashier cage. At their meeting, Vaughn confronted Fayer with records from the MGM family of casinos. The records indicated that Fayer had previously redeemed tickets under the names Alex Fayer and James McLynn. Fayer admitted he gambled under the name James McLynn. He also admitted (1) he possessed and used a credit card in the name James McLynn and (2) had shown, in the past, unofficial identification acquired from a non-governmental entity to MGM affiliates in the name of James McLynn. Vaughn then arrested Fayer for, among other things, possession of false identification documents in violation of NRS § 205.465. Nevada eventually dismissed the charges.

On August 14, 2009, Fayer filed suit against Vaughn, the NGCB, and the Mirage in Nevada state court alleging claims for (1) false arrest/false imprisonment, battery, and premises liability under Nevada law; and (2) false arrest and conspiracy to commit false arrest under 42 U.S.C. § 1983. The defendants removed the action to federal court on December 18, 2009. Fayer filed an amended complaint in federal district court on December 31, 2009. Under Rule 12(b)(6), the district court granted defendants' separate motions to dismiss all the claims in Fayer's amended complaint and denied Fayer leave to amend. On appeal, Fayer challenges the dismissal of each of his claims.[2]

---

[2]Fayer does not challenge the court's decision to deny leave to amend.

## II. Standard of Review

We review *de novo* the district court's decision to grant defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Manzarek*, 519 F.3d at 1031. Although factual allegations are taken as true, we do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citation omitted); *accord Iqbal*, 129 S. Ct. at 1950.

## III. Probable Cause to Arrest

[1] Fayer's false arrest, false imprisonment, and related § 1983 claims hinge on his allegation that Vaughn lacked probable cause to arrest him. "Under the Fourth Amendment, a warrantless arrest requires probable cause." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reason-

able caution to believe that an offense has been or is being committed by the person being arrested." *Id.* (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Nevada's definition of probable cause is virtually identical to the *Lopez* definition. *See State v. McKellips*, 49 P.3d 655, 660 (Nev. 2002) ("Probable cause to arrest exists when police have reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution to believe that [a crime] has been . . . committed by the person to be arrested." (internal quotation marks and citation omitted)). The arresting officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

**[2]** In this case, Vaughn arrested Fayer for possession of false identification documents, illegal conduct under Nevada law. *See* NRS § 205.465 ("It is unlawful for a person to possess . . . any document or personal identifying information for the purpose of establishing a false status . . . or identity for himself . . . .").[3] When he made the arrest, Vaughn knew the following: (1) Fayer admitted to gambling at various MGM casinos under the name "James McLynn," (2) Fayer admitted to using identification (not issued by a government entity) identifying him as "James McLynn," and (3) Fayer possessed and had used a credit card issued in the name of "James McLynn." This information was more than sufficient to lead

---

[3]Fayer cites a copendium of non-Nevada case law explaining that, at common law, a person may change his name at will, or call himself by a different name, provided the name is not used for an unlawful or dishonest purpose. *See, e.g., United States v. Dunn*, 564 F.2d 348, 354 n.12 (9th Cir. 1977) ("[Individuals] may legally call themselves anything they wish, despite the lay concept of a person's 'real' name, provided of course the name is not used for an illegal purpose."). Even if this common law principle applies in the state of Nevada, the Nevada legislature abrogated the common law to the extent it prohibited the possession of *identification documents or information* for the purpose of establishing a false identity. *See* NRS § 205.465.

a person of reasonable caution to believe Fayer possessed documents or personal identifying information "for the purpose of establishing a . . . false identity for himself" in contravention of NRS § 205.465. Because the facts in the amended complaint show that Fayer's arrest was supported by probable cause, Fayer cannot make out a facially plausible claim for false arrest or false imprisonment under Nevada law. *See Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) ("To establish false imprisonment of which false arrest is an integral part, it is . . . necessary to prove that the person be restrained of his liberty under the probable imminence of force *without any legal cause or justification*." (internal quotation marks and citation omitted) (emphasis added)). Accordingly, he also cannot allege a facially plausible claim for false arrest or conspiracy to commit false arrest under 42 U.S.C. § 1983.

## IV. Battery

**[3]** Once Vaughn had probable cause to believe Fayer violated NRS § 205.465—a class E felony under Nevada law—he had immediate legal authority to place Fayer under arrest. *See* NRS §§ 171.124(1)(b), 171.136(1). Fayer raised a battery claim in his amended complaint alleging that "Vaughn's actions in placing plaintiff in handcuffs and physically searching plaintiff were offensive and harmful in that they caused discomfort and embarrassment." Fayer argues that, under *Yada v. Simpson*, "a police officer who uses more force than is reasonably necessary to effect a lawful arrest commits a battery upon the person arrested." 913 P.2d 1261, 1262 (Nev. 1996), *superceded by statute on other grounds*, NRS § 17.115, *as recognized in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29 (Nev. 2005).[4]

---

[4]This quotation from *Yada* does not constitute a holding; rather, it is the court's iteration of a jury instruction given in that case. The Nevada Supreme Court upheld the jury verdict awarding damages on the theory that a police officer committed battery when he used excessive force in

**[4]** However, Fayer failed to allege facts suggesting Vaughn used more force than was reasonably necessary to effect the arrest. At best, Fayer alleged the arrest caused him "discomfort" and "embarrassment," but he failed to plead facts showing this was anything more than the ordinary discomfort and embarrassment attendant to a public arrest. We therefore affirm the district court, because Fayer failed to plead enough facts to establish a facially plausible claim for battery.

## V. Premises Liability

Finally, Fayer alleged in his amended complaint that the Mirage (1) failed to provide him "reasonably safe facilities as a business invitee" and (2) negligently hired and trained "individuals that undertake the intentional torts and violations of [his] rights." As to the first premises liability claim, Fayer did not allege an injury caused by unsafe physical premises at the MGM properties. Therefore, that claim fails and has been abandoned on appeal.

**[5]** As to the second claim, Fayer alleged Mirage employees (1) encouraged Vaughn to arrest Fayer without probable cause, (2) refused to redeem valid gambling tickets when they discovered his dual identities, and (3) contributed to Fayer's allegedly wrongful arrest by falsely alleging Fayer was committing or attempting to commit "W-9 fraud." To the extent the first allegation rests on Fayer's argument that Vaughn lacked probable cause to arrest, Fayer failed to plead a plausible claim for reasons discussed above. The second allegation also fails to establish a plausible claim to relief, because Fayer

---

arresting the plaintiff. 913 P.2d at 1262-63. The court did not rule directly on the question whether the jury instruction was an accurate statement of Nevada law. Instead, the court upheld the verdict because it was "supported by substantial evidence" and was not "clearly erroneous in light of all the evidence presented." *Id.*

never explained why refusing to redeem gambling tickets to a patron suspected of tax fraud and using or possessing false identification provides a plausible basis for relief under Nevada law. Lastly, the third allegation does not establish a plausible claim for relief, because Vaughn had probable cause to arrest Fayer based on Fayer's admissions that he possessed and used false identification documents. Therefore, any purported misrepresentations about "W-9 fraud" made by Mirage employees did not contribute to a *wrongful* arrest.

**AFFIRMED.**