**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSEPH ZIZLSPERGER; JUDY ZIZLSPERGER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> MAXWELL & MORGAN PC, <br><br> Defendant - Appellee. | No. 11-17787 <br><br> D.C. No. 2:11-cv-01376-FJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Submitted March 21, 2014[**]

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Virginia M. Kendall, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Joseph and Judy Zizlsperger appeal the district court's dismissal of their claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the parties are familiar with the history of this case, we need not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

We review *de novo* a district court's dismissal under Rule 12(b)(6). *Fayer v. Vaughn*, 649 F.3d 1061, 1063-64 (9th Cir. 2011) (per curiam). A Rule 12(b)(6) motion to dismiss may be granted if the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). We are "not limited to a consideration of the grounds upon which the district court decided the issues; we can affirm the district court on any grounds supported by the record." *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1062 (9th Cir. 2001) (internal quotation marks and citation omitted). Finally, while a court considering a Rule 12(b)(6) motion is

generally limited to considering the contents of the complaint, "it may consider documents on which the complaint necessarily relies and whose authenticity . . . is not contested." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003) (internal quotation marks and citation omitted) (alteration in original).

## II

The district court properly dismissed the complaint for failure to state a claim as to violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.

## A

The Zizlspergers claim that Maxwell & Morgan's ("Maxwell") attempts to collect attorneys' fees violated the FDCPA. However, a request for an amount does not violate the FDCPA if "such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The requested amounts were permitted by law.

The Maricopa County Justice Court entered a judgment in December 2009 against the Zizlspergers for $1,124.73 and ordered them to pay for "all reasonable costs and attorney fees incurred by [the Association] after entry of this Judgment in collecting the amounts listed in this Judgment." Then the superior court in April

3

2010 confirmed the underlying judgment and concluded that the outstanding amount was $2,192.74. Maxwell's fee requests were based on these state court determinations. Moreover, the fees were authorized by state law: A.R.S. § 33-1807(H) provides that "[a] judgment or decree in any action brought under this section shall include costs and reasonable attorney fees for the prevailing party."

The Zizlspergers counter that the district court did not consider its claims related specifically to Maxwell's attorneys' fees incurred in applying for the writ of garnishment and that the state court did not grant these fees because they were statutorily prohibited under A.R.S. § 12-1598.07.

Even assuming that the district court did not consider this specific argument, those fees are not statutorily prohibited. A.R.S. § 12-1598.07(E) provides that "[t]he prevailing party *may* be awarded costs and attorney fees in a reasonable amount determined by the court. An award of attorney fees shall not be assessed against nor is it chargeable to the judgment debtor unless the judgment debtor is found to have objected solely for the purpose of delay or to harass the judgment creditor." A.R.S. § 12-1598.07(E) (emphasis added). Thus, Maxwell merely requested a discretionary award. The state court denied the award for policy reasons, not because it concluded that the amount was statutorily prohibited. Further, Maxwell did argue before the state court that the Zizlspergers were

4

objecting to the application in bad faith. For example, Maxwell wrote in its January 3, 2011 Reply that the Zizlspergers' conduct "clearly evidences their intent to merely harass Plaintiff and/or to cause further unnecessary delay and needlessly increase the cost of this litigation."

B

Similarly, the Zizlspergers' garnishment-related claim does not allege sufficient facts to state a claim for relief. First, the Zizlspergers allege that Maxwell violated the FDCPA by sending to Mr. Zizlsperger's employer, The Home Depot, a writ of garnishment earnings directing that it withhold and deliver to Maxwell twenty-five percent of Mr. Zizlsperger's earnings, in violation of the state court order setting the rate at fifteen percent. However, the Zizlspergers allege only one supporting fact: Mr. Zizlsperger received from The Home Depot a garnishment notification stating that his wages would be garnished at twenty-five percent. This notification alone is not sufficient to state a claim that Maxwell sent to The Home Depot an illegal demand. *See Twombly*, 550 U.S. at 545 (explaining that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level.").

Second, the Zizlspergers claim that Maxwell violated § 1692e(2)(A) by falsifying the amount actually garnished. Specifically, the Zizlspergers point out that on October 13, 2010, Maxwell filed a report detailing that Maxwell had received via garnishment $1,971.90 between March 15, 2010 and October 13, 2010, but that The Home Depot's records show that $2,192.74 was the actual amount garnished during this period. Thus, the Zizlspergers allege that Maxwell falsely represented that $220.84 was outstanding. While there is clearly a discrepancy in the amount reported by Maxwell and the amount actually garnished by The Home Depot, this difference alone does not show that Maxwell falsely filed a report. A.R.S. § 12-1598.12(C) requires that reports of judgment balance indicate the amount of money received; it does not require reporting what the employer actually garnished. Maxwell followed the law. Moreover, the next report filed by Maxwell, on February 11, 2011, indicates that the $220.84 shortfall was received on October 26, 2010.

## III

Maxwell urges this Court to award it attorneys' fees and costs of appeal pursuant to both 15 U.S.C. § 1692k(a)(3) and Federal Rule of Appellate Procedure 38. Section 1692k(a)(3) allows for an award to a defendant of attorneys' fees and costs "[o]n a finding by the court that an action under this section was brought in

6

bad faith and for the purpose of harassment." Rule 38 provides that this Court may award costs to an appellee if the appeal is frivolous.

The Zizlspergers' actions must be considered in their context. The Zizlspergers have paid to date at least $2,192.74 on an initial debt of $313.73, and have been ordered to pay at least an additional $7,934.16. Thus, they were entitled to aggressively defend against the collection attempts. Although the arguments are unavailing, they are not frivolous and were not brought in bad faith or to harass.[1]

**AFFIRMED.**

---

[1] We grant the Zizlspergers' March 28, 2012 motion to take judicial notice of the state court complaint, Maxwell's April 6, 2012 cross-motion to take judicial notice of the transcript of the state court proceedings, and Maxwell's August 1, 2012 motion to take judicial notice of the state appellate decision. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("We retain discretion to take judicial notice of documents 'not subject to reasonable dispute.' Fed.R.Evid. 201(b). In particular, we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks and citation omitted)).