
**NOT FOR PUBLICATION**

MAY 02 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STODDARD WHITE, Jr., | No. 12-55920 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01987-SJO-SH |
| v. | |
| TWENTIETH CENTURY FOX CORPORATION, a Delaware corporation, with its principal place of business in California; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted January 22, 2014[**]
San Francisco, California

Before: D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

Stoddard White, Jr., appeals pro se the district court's Federal Rule of Civil

Procedure 12(b)(6) dismissal of his complaint. Because the parties are familiar

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with the history of this case, we need not recount it here.  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

I

We review *de novo* a district court's dismissal under Rule 12(b)(6).  *Fayer v.*

*Vaughn*, 649 F.3d 1061, 1063-64 (9th Cir. 2011).  A Rule 12(b)(6) motion to

dismiss may be granted if the complaint either (1) lacks a cognizable legal theory

or (2) fails to allege sufficient facts under a cognizable legal theory.  *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "We accept factual

allegations in the complaint as true and construe the pleadings in the light most

favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

519 F.3d 1025, 1031 (9th Cir. 2008).  But a plaintiff's factual allegations "must be

enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007).

"To establish a successful copyright claim, a plaintiff must show: (1) his

ownership of the copyright; (2) the defendant's access to his work; and (3)

'substantial similarity' between the defendant's work and his own."  *Berkic v.*

*Crichton*, 761 F.2d 1289, 1291-92 (9th Cir. 1985).  A plaintiff's failure to establish

any one of these three elements is fatal to the complaint.  *Funky Films, Inc. v. Time*

*Warner Entm't Co., L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006).  The district court

dismissed White's complaint based on a lack of "substantial similarity."

"The substantial-similarity test contains an extrinsic and intrinsic component." *Id.* at 1077. A plaintiff must satisfy both components, and therefore a lack of extrinsic similarity is fatal to a plaintiff's copyright case as a matter of law. *See id.* "Extrinsic analysis is objective in nature. '[I]t depends not on the responses of the trier of fact, but on specific criteria which can be listed and analyzed.' The extrinsic test focuses on 'articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events' in the two works. In applying the extrinsic test, this court 'compares, not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters.'" *Id.* (citations omitted) (alteration in original). "Although the substantial similarity test is often decided on summary judgment or at trial," courts may determine as a matter of law that works are not substantially similar. *Gilbert v. New Line Prods., Inc.*, 2009 WL 7422458, at *2 (C.D. Cal. Nov. 16, 2009); *Funky Films*, 462 F.3d at 1076-77.

II

The district court did not err in holding as a matter of law that White's screenplay is not substantially similar to any of defendants' allegedly-infringing works. First, most of the alleged similarities are not protectable similarities. For example, White alleges as one similarity that the grocery store scenes from his screenplay and defendants' movie both include as a main prop shopping carts full

of food. It goes without saying that nearly any grocery store scene in a screenplay or movie would feature shopping carts full of food. Second, there are significant differences between White's screenplay and defendants' allegedly-infringing works. For example, the dog in White's screenplay is not injured from the fight whereas the dog in defendants' movie is severely injured. *See Funky Films*, 462 F.3d at 1078 (no substantial similarity, despite initial appearance of similarities, because of significant differences).

## III

White contends that the district court erred because it didn't allow him to introduce the screenplays of two allegedly-infringing movies. Even assuming that White preserved this argument for appeal, the underlying screenplays are irrelevant because the operative question is whether the films–the allegedly-infringing materials–and White's screenplay are substantially similar. *See See v. Durang*, 711 F.2d 141, 142 (9th Cir. 1983) ("The only discovery plaintiff suggests is the production of early drafts of defendant's play on the theory they might reflect copying from plaintiff's play that was disguised or deleted in later drafts. Copying deleted or so disguised as to be unrecognizable is not copying.").

Similarly, the district court did not err by declining to consider the Blu-Ray version of defendants' movie. The question before the district court was whether the two works are substantially similar. White does not allege that the Blu-Ray

version in particular is substantially similar to his screenplay, and therefore the Blu-Ray version was properly disregarded.

IV

White also contends that the district court erred by not commenting on each of his alleged similarities. White, however, cites no authority holding that a court errs by not explaining in its analysis every alleged similarity in a copyright infringement case, particularly in a case like this one in which over 100 similarities are alleged. Additionally, courts may properly disregard alleged similarities that are not protectable. *Funky Films*, 462 F.3d at 1077 ("we filter out and disregard the non-protectable elements in making [our] substantial similarity determination." (internal quotation marks omitted) (alteration in original)).

V

Even assuming that White can properly raise fraud as a separate cause of action rather than merely as a reply to a statute of limitations defense, he has not–and cannot–show any damages, a necessary element of a fraud claim, because his screenplay is not substantially similar to the defendants' work. *Bank of the West v. Valley Nat. Bank of Arizona*, 41 F.3d 471, 477 (9th Cir. 1994) ("To prevail on its fraud claim, Valley National had to prove . . . resulting damage.").

**AFFIRMED.**