NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HENNEBERRY, | No. 16-17049 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02766-EDL |
| v. | |
| COUNTY OF ALAMEDA, California; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding**

Submitted December 14, 2018***

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

John Henneberry appeals pro se from the district court's judgment

dismissing pursuant to Fed. R. Civ. P. 12(b)(6) and without leave to amend his 42

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before a magistrate judge.

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging that more than a dozen defendants, including police officers, prosecutors, and a judge, violated his constitutional rights in connection with his arrest. The court dismissed his claims inter alia for failure to comply with rule 8(c) which requires a short and plain statement of a plaintiff's claims.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). We affirm.

The district court properly dismissed Henneberry's claims against Alameda County, the City of Fremont and the City of Newark because Henneberry failed to allege facts sufficient to show a policy, practice, or custom of any of these entities resulting in a constitutional violation. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (pleading requirements for a liability claim against a municipality under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978)).

The district court properly dismissed Henneberry's claims against defendants Deputy District Attorneys Saunders and Hernandez and Assistant District Attorney Jay as barred by prosecutorial immunity. *See Milstein v. Cooley*, 257 F.3d 1004, 1008–09 (9th Cir. 2001) (explaining that state prosecutors are immune from a civil suit for damages under § 1983 for activities intimately associated with the judicial phase of the criminal process).

16-17049

The district court properly dismissed Henneberry's claims against defendants Diaz, Becker, Ahern, Muranishi, O'Malley, Linn, Lucero and Leal because Henneberry failed to allege facts sufficient to show that any of these defendants were the cause of Henneberry's claimed deprivation of constitutional rights. *See Baker v. McCollan*, 443 U.S. 137, 142 (1979) ("[A] public official is liable under § 1983 only if he causes the plaintiff to be subjected to deprivation of his constitutional rights." (internal quotation marks omitted)).

The district court properly dismissed Henneberry's false arrest and false imprisonment claims against defendants Heckman and Homayoun because Henneberry failed to allege facts sufficient to show that the officers lacked probable cause to arrest him. *Fayer v. Vaughn,* 649 F.3d 1061, 1065 (9th Cir. 2011) (affirming district court's grant of motion to dismiss where amended complaint showed arrest was supported by probable cause).

The district court properly dismissed Henneberry's claims against Judge Keller on the basis of judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to judicial immunity).

The district court properly dismissed Henneberry's claims against Officer Ramsey. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (setting forth elements of claim under § 1985(3)). Officer Ramsey was not involved in

Henneberry's arrest or prosecution, and his complaint is devoid of any facts suggesting a conspiracy between Ramsey and anyone else.

The district court properly granted defendants' motions to dismiss Henneberry's conspiracy claim because his allegations that defendants deprived him of his constitutional rights were conclusory and based on unreasonable inferences. *See Simmons v. Sacramento County Sup.Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations of conspiracy to deprive plaintiff of due process insufficient to state a claim).

The district court properly dismissed Henneberry's state law claims. *See* Cal. Gov't Code §§ 945.3, 945.6 (requiring civil action to be filed within six months after the termination of a criminal prosecution); Cal. Gov't Code §§ 910, 915(c), 945.4 (requiring timely submission of a claim against judicial defendants); Cal. Gov't Code § 821.6 (stating that public employees are not liable for injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment).

Henneberry's remaining contentions are unpersuasive.

**AFFIRMED.**

16-17049