**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDEL FATAH ELLAWENDY, | No. 22-16980 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05273-WHO |
| v. | |
| JASON TAKAGAKI; CHRISTINE WORMUTH, in her official capacity as Secretary of the United States Department of the Army, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DEPARTMENT OF THE ARMY; PRESIDIO OF MONTEREY POLICE DEPARTMENT, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted April 10, 2025
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Abdel Ellawendy ("Ellawendy") appeals the district court's grant of Officer Jason Takagaki's ("Officer Takagaki") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Ellawendy brought a claim against Officer Takagaki pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Ellawendy alleged that Officer Takagaki violated his Fourth Amendment rights by unlawfully searching his home and seizing his property.

We review a district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Fayer v. Vaughn*, 649 F.3d 1061, 1063–64 (9th Cir. 2011). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court.

1. "We are guided by [the] two-step framework" articulated in *Ziglar v. Abbasi*, 582 U.S. 120 (2017), "to determine whether a plaintiff should be afforded a cause of action under *Bivens*." *Sheikh v. Dep't of Homeland Sec.*, 106 F.4th 918, 924 (9th Cir. 2024). The first inquiry is "whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). "[O]ur understanding of a 'new context' is broad." *Id*. "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Ziglar*, 582 U.S. at 139. "[E]ven a

2

modest extension is still an extension." *Id*. at 147.

This case is meaningfully different from previous *Bivens* decisions in two ways. Both Ellawendy and Officer Takagaki were employed by the Army when this case arose. Ellawendy worked as a civilian instructor at the Defense Language Institute Foreign Language Center ("DLIFLC"), a Department of Defense institution located within the Presidio of Monterey, an active Army installation in Monterey, California. Officer Takagaki worked as a police officer for the Presidio of Monterey Police Department. The military/Department of Defense backdrop of Ellawendy's claim distinguishes it from previous *Bivens* cases. Moreover, Officer Takagaki represents a "new category of defendants" by virtue of his employment as a police officer employed by the Army on an active Army installation.

2.      "[I]f a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Ziglar*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id*. (quoting *Hernandez*, 589 U.S. at 102). The availability of an alternative remedial structure is one factor that precludes the application of *Bivens* to a new context. *Pettibone v. Russell*, 59 F.4th 449, 456–57 (9th Cir. 2023) (citations

3

omitted). That is true even if the alternative remedial structure does not provide complete relief. *See Egbert*, 596 U.S. at 493 ("Nor does it matter that existing remedies do not provide complete relief") (citations and quotation marks omitted).

"Alternative remedial structures can take many forms, including administrative, statutory, equitable, and state law remedies." *Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018) (quotation marks omitted). Here, Ellawendy made multiple grievances to an unnamed supervisor, the DLIFLC commander, and the Inspector General, prior to filing his complaint. The grievance procedure available to Ellawendy is similar to the procedure outlined in *Egbert*. *See Egbert*, 596 U.S. at 497 ("As noted, Boule took advantage of this grievance procedure, prompting a year-long internal investigation into Agent Egbert's conduct"); *see also Sheikh*, 106 F.4th at 928; *Mejia v. Miller*, 61 F.4th 663, 669 (9th Cir. 2023); *Pettibone*, 59 F.4th 456–57. Though the grievance procedure does not offer Ellawendy complete relief, it fulfills the purpose of *Bivens*, which is "to deter the officer" accused of the constitutional violation. *Ziglar*, 582 U.S. at 140 (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994)).

**AFFIRMED.**