NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTT REBIK,

Plaintiff - Appellant,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; MICAH BALMORES;
RICHARD ZAVALA,

Defendants - Appellees.

No. 25-1542

D.C. No.
2:24-cv-02252-CDS-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted May 18, 2026**
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

Plaintiff-Appellant Scott Rebik ("Plaintiff") was arrested and charged with

battery and assault in October 2023 after the police received a report that he had tried

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

to hit an employee of a car painting business with his pickup truck. The charges were later dismissed. Plaintiff then sued the Las Vegas Metropolitan Police Department ("LVMPD") and the two arresting officers (the "Officers") (collectively, "Defendants"). In his First Amended Complaint, Plaintiff asserted a claim under 42 U.S.C. § 1983 against the Officers and LVMPD, alleging that his Fourth Amendment rights were violated when the Officers arrested him without probable cause. Plaintiff also asserted state-law tort claims for false imprisonment and negligent supervision based on the allegedly unlawful arrest. The district court granted Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting as true all plausible factual allegations in the complaint. *Holt v. Cnty. of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024) (citation omitted). We affirm.

1. The district court correctly dismissed Plaintiff's § 1983 claim against the Officers. "To prevail on [a] § 1983 claim for false arrest," a plaintiff must demonstrate "that there was no probable cause to arrest him." *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (en banc) (citation omitted). "Probable cause to arrest exists when there is a fair probability or substantial chance of criminal activity by the arrestee based on the totality of the circumstances known to the

officers at the time of arrest." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022) (citation and internal quotation marks omitted).

Plaintiff's own factual allegations established that probable cause existed for his arrest. Plaintiff alleged in his complaint that he was involved in a "verbal altercation" with the owner and employees of the car painting business regarding "problems with the work they were supposed to perform on [his] truck." He further alleged that shortly after this dispute, the Officers received a report and took witness statements at the scene that "Plaintiff had driven his vehicle in such a way as to impact and collide with the [employee] during the altercation." Based on the witness statements, the Officers had probable cause, at the time of the arrest, to believe that Plaintiff had committed battery. *See* Nev. Rev. Stat. § 200.481(1)(a) (defining criminal battery); *see also United States v. Hammond*, 666 F.2d 435, 439 (9th Cir. 1982) ("Where the source of police information about a suspect is an eyewitness to the crime, probable cause to arrest the suspect may exist even in the absence of an independent showing of the reliability of the source."). A dismissal for failure to state a claim is appropriate where, as here, "there is no cognizable legal theory," even if the factual allegations in the complaint are taken as true. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks and citation omitted).

Plaintiff asserts that the eyewitness reports were false. But a police officer may accept witness statements as true absent unusual circumstances which suggest that the witness is lying, *see Hammond*, 666 F.2d at 439, and Plaintiff did not allege that the Officers had any reason to doubt the reports. Moreover, even if the eyewitness reports were later shown to be false, that would not make the arrest unlawful, because probable cause depends only on the "facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Plaintiff also alleged that, shortly before his arrest, the Officers falsely told him that his conduct in the car painting business had been recorded on video. Plaintiff argues that this falsehood rendered the arrest unlawful. That argument fails. The witness reports independently established probable cause for the arrest, and an "officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes." *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008) (citation omitted).

2. Plaintiff's false imprisonment claim against the Officers fails for the same reason. To prevail on a claim of false imprisonment under Nevada law, a plaintiff must show that the police "lacked probable cause to arrest him." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011); *see also Nelson v. City of Las Vegas*, 665 P.2d 1141, 1143–44 (Nev. 1983). Because Plaintiff's own allegations established probable cause, the claim fails.

3.  Plaintiff's *Monell* claim against LVMPD also fails.  S*ee Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  *Monell* claims are "contingent on a violation of constitutional rights."  *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (internal citations and quotation marks omitted).  Because Plaintiff did not plausibly allege a Fourth Amendment violation for the reasons discussed above, he did not adequately plead a *Monell* claim.  *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("[M]unicipal defendants cannot be held liable because no constitutional violation occurred.").

4.  Plaintiff's negligent supervision claim against LVMPD also fails.  As discussed, Plaintiff failed to allege facts from which the district court could infer that he suffered any violation of his constitutional rights.  His negligent supervision claim therefore fails because he did not allege that he suffered any harm from LVMPD's alleged negligence.  The district court rightly concluded that "[w]ith no allegations that support a finding that any [Fourth Amendment] violation occurred, [Plaintiff's] claim for negligence against LVMPD is unsupported."

**AFFIRMED.**[1]

---

[1] The district court dismissed the complaint with prejudice and without leave to amend upon finding that "amendment would be futile" for each claim.  Plaintiff's opening brief does not argue that the district court abused its discretion in denying leave to amend.  Because Plaintiff forfeited this issue, we do not address it.  *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("[A]rguments . . . omitted from the opening brief" are generally "deemed forfeited.").